[No. 2015]

# W. C. STONE, RESPONDENT, v. M. J. BELL, COUNTY AUDITOR OF ESMERALDA COUNTY, APPELLANT.

1. MANDAMUS—ABATEMENT.

A proceeding in *mandamus* against a county officer does not abate upon the expiration of his term of office; but, the duty being a public one, his successor may be substituted.

2. GRAND JURY—POWERS OF GRAND JURY—PUBLIC OFFICERS—PRESUMPTION.

Rev. Laws, 7028, 7029, respectively, require the grand jury to inquire into the wilful and corrupt misconduct of public officers, and provide that they may examine all public records, while section 1508 imposes on the board of county commissioners the duty of auditing the accounts of all officers. Sections 4148 and 4153 provide for the appointment of a state auditor who shall at the direction of the governor examine the books and accounts of all county officials. *Held* that, there being a presumption that public officers performed the duties required of them by law, the grand jury cannot hire an accountant to examine the books of county officials; it being their duty, in case there is reason to believe that the books of the county should be audited, to request either the board of county commissioners or the governor to provide for such audit.

3. GRAND JURY—POWERS OF JUDGE—PRIVATE ACCOUNTANT.

The grand jury being without statutory authority to hire an accountant to audit the books of county officers, the district judge, though required by Rev. Laws, 4924, to charge grand juries as to their duties, part of which section 7028 provides shall be an inquiry into the wilful and corrupt misconduct of public officers, has no inherent authority to engage a private accountant to examine and audit the books of all county officers; it not appearing that there was any reasonable ground to believe that such officers were guilty of misconduct.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers*, Judge.

*Mandamus* by W. C. Stone against M. J. Bell, as County Auditor of the County of Esmeralda. From a judgment granting a peremptory writ, respondent appeals. **Reversed,** and proceedings ordered dismissed.

## STATEMENT OF FACTS

This is an appeal from a judgment granting a peremptory writ of *mandamus* commanding the appellant to issue his warrant on the county treasurer of

Esmeralda County in favor of the respondent for the sum of $602.45. The proceeding was submitted to the court below upon an agreed statement of facts which were adopted by the court, and which are as follows:

" (1) .That on February 15, 1908, a grand jury was duly impaneled according to law, and immediately thereupon began to perform the duties imposed upon that body by law.

" (2) That in the course of its business the said grand jury requested the judge of the court, of which it was a part, to authorize it to employ auditors to audit the books of the county of Esmeralda, and in accordance with the said request Hon. Frank P. Langan, then judge of the district court of the First judicial district of the State of Nevada, in and for the county of Esmeralda, made an order authorizing the said grand jury to employ auditors to audit the books of Esmeralda County.

" (3) That in the course of its business the said grand jury, through its foreman, by virtue of said order, entered into a contract with McLaren-Goode & Co., certified accountants of the City and County of San Francisco, State of California, by which the said McLaren-Goode & Co. were employed to audit the books of the county of Esmeralda, at a fixed rate of compensation.

" (4) That the said McLaren-Goode & Co., in accordance with the aforesaid contract, began the work of auditing the books of Esmeralda County on the 10th day of April, A. D. 1908, and that the said work was completed to the satisfaction of the court and grand jury on the 9th day of May, A. D. 1908.

" (5) That the amount due McLaren-Goode & Co. for said work amounted, according to the rate of compensation fixed by said contract, to the sum of $1,227.45.

" (6) That the bill for the amount due McLaren-Goode & Co., amounting to $1,227.45, was duly presented to the court, Judge Langan presiding, and, meeting with the approval of the court, the said bill was allowed by Judge Langan and thereupon presented to George Brodigan, the then auditor of the county of Esmeralda, for payment.

" (7) That the said bill, as allowed by Judge Langan, was presented to George Brodigan, auditor of Esmeralda County, for payment. That said George Brodigan thereupon paid to McLaren-Goode & Co., on a peremptory writ, the sum of $625, after *mandamus* proceedings had been had, but that he has at all times failed and refused to pay the balance of $602.45, since the same fell due.

" (8) That the said George Brodigan has ceased to be auditor of Esmeralda County, and that M. J. Bell is, at this time, the duly elected and qualified auditor of Esmeralda county. That the said M. J. Bell, as successor in office to George Brodigan, has been duly substituted in his place as defendant in this action, which substitution was and has been made over and against the objection of M. J. Bell.

" (9) That said claim of $602.45 was, for a valuable consideration, sold and assigned by McLaren-Goode & Co. to Walter C. Stone, and that he, the said Walter C. Stone, is at this time the bona fide owner of said claim.

" (10) That said claim for the sum of $602.45 of the plaintiff was never presented to the county commissioners of Esmeralda County, and has never been acted upon by the board of county commissioners of Esmeralda County, and has never either been allowed or rejected by said board of county commissioners. That no copy of any order of the board of county commissioners allowing the said claim or demand and authorizing the payment thereof, together with the claim, has ever been submitted to the defendant George Brodigan, as county auditor, or to the substituted defendant, M. J. Bell, the successor of said George Brodigan.

" (11) That demand for the said sum of $602.45 was duly made upon said M. J. Bell prior to the application for his substitution as defendant in this action, and payment was refused by him."

*John F. Kunz*, District Attorney, for Appellant:

*Mandamus* against a public officer abates upon the expiration of his term and the induction of his successor.

(*State* v. *Board,* 79 Pac. 402; *U. S.* v. *Boutwell,* 17. Wall. 604, 21 L. Ed. 721; 1 Cyc. 69; 26 Cyc. 424, and authorities cited; *U. S.* v. *Butterworth,* 42 L. Ed. 873.)

In order for the court to be able to exercise the inherent power contended for, a state of facts must be alleged in the complaint which would justify such action. There are no such allegations. It is presumed that public officers properly perform their official acts. (16 Cyc. 1076, 1078, and authorities cited.) Without allegations of wilful and corrupt conduct on the part of the public officers of Esmeralda County at the time the grand jury employed the accountants to expert and audit the books of the county, a clear legal right to the writ is not stated. (*State* v. *Noyes,* 25 Nev. 31; *State* v. *LaGrave,* 22 Nev. 419.)

The duty to audit the county books is by statute given to the board of county commissioners. (Comp. Laws, 2111.) No demand was made upon the commissioners for an audit. Where a duty is prescribed by the legislature and imposed upon an officer or board, there is no inherent power remaining in the court to be exercised in contravention thereof, unless there has been an absolute refusal upon the part of such officer or board to act. (*Mahaffey* v. *Territory,* 66 Pac. 342; *Meister* v. *People,* 31 Mich. 98.)

*Henry M. Hoyt* and *B. J. Henley,* for Respondent:

An action does not abate with the expiration of the term of office of the defendant where there is a continuing liability and where the successor in office has been substituted as defendant. (*Thompson* v. *U. S.,* 103 U. S. 480; *Norwalk* v. *Council,* 42 Atl. 85; *Fox* v. *Trinidad W. Co.,* 43 Pac. 1052; *People* v. *Morton,* 50 N. E. 799; *State* v. *Warner,* 13 N. W. 260; *People* v. *Ahern,* 93 N. E. 472; *Nance* v. *People,* 54 Pac. 631; *Utter* v. *Franklin,* 64 Pac. 427.)

The court had the power to authorize the grand jury to employ auditors to audit the county books by universal and immemorial custom. The power is also given the court by necessary implication by Comp. Laws, 4176. A grand jury is a constituent part or branch of the court

and is under its general supervision and control. (20 Cyc. 1294.) Every court has certain inherent powers of which it cannot be divested, one of which is the power to procure the necessary equipment and of appointing necessary assistants for the convenient and successful transaction of its business. (*State* v. *Davis*, 26 Nev. 379, and authorities cited.)

This doctrine is analagous to that which gives a court the power to appoint counsel to assist the district attorney in the prosecution of criminal cases. This doctrine is founded, in the absence of a statute, on the inherent power of the courts. (*Board* v. *Crump*, 70 Pac. 159; *Raymond* v. *People*, 30 Pac. 511; *Keys* v. *State*, 23 N. E. 1097.)

By the Court, NORCROSS, J., after stating the facts as above:

[1] It is the contention of counsel for appellant that the court below erred in allowing the motion of plaintiff to substitute M. J. Bell as respondent in the proceeding after expiration of the term of office of George Brodigan, against whom the proceeding was originally instituted. Counsel contends that the proceeding abated upon the expiration of the term of office of the original respondent, and that it was improper to substitute his successor in office, and a number of cases are cited to support this view. The question is one of original impression in this court, and we see no good reason not to adopt the view that the successor in office in a case of this character may be substituted in place of the officer whose term has expired. Here an official duty is sought to be enforced, one which continues until performed, regardless of who may, for the time being, be the incumbent of the office. To hold that a proceeding of this character abates, simply because there is a change in the person occupying the office, is to impose needless expense and delay upon a litigant seeking to enforce what he deems to be a legal right. If the successor in office sees fit to adopt the course of his predecessor in refusing to perform what is

alleged to be an official duty, no good reason appears why a new proceeding should of necessity be instituted.

[2, 3] There is no statutory authority for a district judge to enter an order authorizing a grand jury to employ an accountant to audit the books of county officers. It is the contention of counsel for respondent on appeal that the district court had the inherent authority to make the order in question. Our attention has not been called to, nor have we been able to find, an authority directly in point.

By section 211 of the old criminal practice act, which is identical with section 178 of the act now in force (Rev. Laws, 7028), it is provided: "The grand jury must inquire into the case of every person imprisoned in the jail of the county, on a criminal charge, and not indicted; into the condition and management of the public prisons within the county; and into the wilful and corrupt misconduct in office of public officers of every description within the county." The following section of the old and new acts is substantially the same in both, and reads: "The grand jury shall be entitled to free access, at all reasonable times, to all public prisons, and to the examination without charge of all public records within its district." (Rev. Laws, 7029.) By an act approved February 12, 1879 (Rev. Laws, 4924), it is provided: "It shall be and it is hereby made the special duty of all district judges in this state to give in charge to the grand juries, at the commencement of each term of their respective courts the full text of the statutes of this state, in reference to the duties, conduct, responsibilities, and penalties of military, civil, and peace officers in this state."

It is contended by counsel for respondent that "the court had the power to authorize the grand jury to employ auditors to audit the county books by universal and immemorial custom," and further that the power is also given the court "by necessary implication" by the provisions of section 7028, Rev. Laws, *supra.*

We are not aware of the existence of any such custom, nor have we been able to find mention of the same in authorities or text-writers.   There is a legal presumption that public officers perform the duties required of them by law, and, while grand juries are commanded to inquire into "wilful and corrupt misconduct of public officers," such duty is to be performed in the light of such presumption.   To perform the ordinary and usual duties of a grand jury does not require the employment by them of an expert accountant.

There are two specific provisions of statute providing for the auditing of the books of county officers.   The board of county commissioners are given power "to examine and audit the accounts of all officers, having the care, management, collection, or disbursement of any money belonging to the county or appropriated by law, or otherwise, for its use and benefit."  (Rev. Laws, 1508.) The legislature by an act approved March 26, 1907, provided for the appointment by the governor of a state auditor, who "shall be thoroughly versed in the science of bookkeeping and accounts," and whose duty it shall be at the direction of the governor "to examine the books and accounts of all county officials," etc.  (Rev. Laws, 4148–4153.)  If the grand jury had reason to believe that the county books of Esmeralda County should be audited, it could have requested either the board of county commissioners or the governor to provide for such an audit.

That courts have certain inherent powers, which neither the legislature nor the executive branch of the government can take from them, is beyond question. We do not think, however, that a district court has the inherent power to make an order authorizing the grand jury to audit the county books.   That is not a duty imposed upon the grand jury or the court, but is a duty by statute lodged elsewhere.

The case of *State* v. *Davis*, 26 Nev. 373, and other cases cited by counsel for the respondent, do not, we

think, warrant a holding that the district court has an inherent power to bind a county by a contract authorized to be entered into by a grand jury for the purposes of auditing the books of the various county officers. All the authorities recognize that the inherent powers of courts have limitations. The case of *Board of Commissioners* v. *Gwin*, 136 Ind. 562, 36 N. E. 237, 22 L. R. A. 402, is instructive in this regard.

This proceeding does not present a question whether, in the case of an investigation of a charge of malfeasance in office of a public officer, a district court might not, under certain circumstances, be warranted in authorizing the grand jury to employ an expert and to order the payment of the amount of his services. The order in this case was general and comprehensive in character, authorizing the grand jury to enter into a contract with a firm of accountants to audit all the county books. This, we think, was an invasion of the executive branch of the government and in excess of the power of the court.

The judgment is reversed, and the proceedings ordered dismissed.