[Civ. No. 1778.  First Appellate District.—October 6, 1916.]

JOSEPH RAFAEL, Respondent, v. THOMAS F. BOYLE, as Auditor of the City and County of San Francisco, Appellant.

CIVIL SERVICE COMMISSION—POWER TO EMPLOY PRIVATE COUNSEL—SAN FRANCISCO CHARTER.—The civil service commission of the city and county of San Francisco has no power, express or implied, to employ private legal counsel at the expense of the city and county to defend the commission in legal proceedings, when the city attorney is ready and willing to perform such services, as such officer, by virtue of article V, chapter 2, section 2 of the charter of said city and county, is alone authorized to conduct the legal business of the municipality.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and Robert M. Searls, Assistant City Attorney, for Appellant.

Joseph T. Curley, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment granting a peremptory writ of *mandamus* directed against the defendant herein, commanding him to audit a certain demand against the treasury of the city and county of San Francisco.

In brief the facts are as follows: William A. Kelly, an attorney at law, was employed by the members of the civil service commission of said city and county to defend them in certain legal proceedings.  At the time of such employment

the commission had received from the city attorney certain written opinions contrary in tenor to its views as to the legality of certain matters then before it. In each of these matters the commission, disregarding the city attorney's opinion, acted in accordance with its own judgment; and thereafter legal proceedings were commenced in the superior court against said commission to determine the legality of its action. Notwithstanding that the commission had acted contrary to his views in these matters, the city attorney was ready and willing to appear in court and defend said suits. The members of the commission, however, ignored the offer, and by resolution engaged William A. Kelly to defend them in the proceedings. A total compensation of five hundred dollars was agreed upon. The city attorney was not consulted further in the matter nor requested to appear. In accordance with his agreement Kelly appeared for the commission in said actions, and thereafter he presented his demand drawn on the city treasurer for payment of the agreed compensation, which demand was approved by the civil service commission and by the board of supervisors, and passed to the auditor, defendant herein, for audit. That officer declined to audit the demand on the ground of illegality; Kelly assigned his claim to the petitioner herein, who brought the proceeding here under review. Judgment was rendered in favor of the petitioner as prayed, and defendant takes this appeal.

The sole question presented for determination is whether or not under these facts the civil service commission had the power to retain an attorney at the expense of the city when the city attorney was ready and willing to perform the necessary legal services. It is contended by the respondent that under the broad provisions of article XIII of the charter of the city and county of San Francisco, the right to retain counsel other than the city attorney is incidental to the very nature and life of the civil service system as therein created.

Nowhere in the charter is express power conferred upon the civil service commission to engage private counsel, but it is insisted by petitioner that this power is implied in section 20, article XIII of that instrument, providing that the commission shall have power "to institute and prosecute legal proceedings for violation of any of the provisions of this

article." We are of the opinion that such contention cannot be maintained.

Whether attorneys may be employed in behalf of a municipal corporation depends upon the proper construction of the law under which such employment is sought to be sustained, the nature of the service to be performed, or, in the absence of legal provisions pertaining thereto, the character of the litigation or legal controversy involved. There is much variety in the charters and statutes of different jurisdictions relating to law officers of municipal corporations. In general, unless forbidden by law, when necessity arises therefor and the interests of the municipal corporation require it, the employment of attorneys has usually been sanctioned. (2 McQuillin on Municipal Corporations, sec. 501.) It is usual, however, to find in municipal charters or laws applicable to the government of local public corporations, provisions dealing with the conduct of the municipality's legal business. Such is the case in the charter of San Francisco, which provides for a legal department, the head of which is known as the city attorney, and whose duties are set forth in article V, chapter 2, section 2, as follows: "He must prosecute and defend for the city and county all actions at law or in equity, and all special proceedings for or against the city and county; and whenever any cause of action at law or in equity or by special proceedings exists in favor of the city and county he shall commence the same when within his knowledge, and, if not within his knowledge, when directed to do so by resolution of the board of supervisors. He shall give legal advice in writing to all officers, boards, and commissions named in this charter, when requested so to do by them, or either of them, in writing, upon questions arising in their separate departments involving the rights or liabilities of the city and county. He shall not settle or dismiss any litigation for or against the city and county under his control unless upon his written recommendation he is ordered to do so by the mayor and supervisors."

This express provision clearly indicates an intention that the city attorney should handle all the legal work of the various departments of the city government, except where special provision is made for additional counsel. The manifest intention of the framers of the charter in the adoption of this provision was to systematize the conduct of the city's legal

business, and to limit the power of the authorities to incur expenditures for this character of service; and the mere power given the commission to institute and prosecute legal proceedings does not imply that this above-quoted provision of the charter should be inoperative with regard to the civil service commission so as to empower it to employ another attorney to perform the duties belonging to the law officer of the municipality. The charter having provided a city attorney upon whom the board can call when a defense to any suit is necessary, it by implication makes it incumbent upon the board to avail itself of his services, and it cannot ignore this provision and employ some other attorney to render those services which it is the duty of the city attorney to perform. (*Denman* v. *Webster*, 139 Cal. 452, [73 Pac. 139]; *Merriam* v. *Barnum*, 116 Cal. 619, [48 Pac. 727].)

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.