## WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY v. OTTO C. HOLT AND OTHERS.[1]

October 19, 1917.

No. 20,532.

**Contract with members of grand jury — evidence insufficient.**

1. That a grand jury received reports concerning crime conditions in the county from plaintiff, a detective agency, or heard the testimony of its detectives, or that some of its members made partial payments for the services it rendered, does not tend to establish a contract of employment between the plaintiff and the members of the grand jury personally; for such a contract, even if not void as against public policy, would be so at variance with the usual and fair procedure under the law that it ought not to be allowed to rest on inferences.

**Witness — cross-examination of members of grand jury on duty.**

2. A grand juror may not testify to conversations had when none but his fellow members were present relative to matters considered by them in the discharge of their duties. The secrecy enjoined by law in this respect is permanent.

Action in the district court for Hennepin county to recover $660.51 for services and expenses in making investigations for members of a grand jury. The answer of defendants other than defendant Albert was a general denial. The case was tried before Hale, J., who when plaintiff rested denied plaintiff's motion for a directed verdict and granted the motion of defendants for a directed verdict. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Eugene S. Bibb,* for appellant.

*L. L. Longbrake,* for respondents.

HOLT, J.

Plaintiff alleged that in the month of December, 1913, it made certain investigations at the special instance and request of defendants under an agreement that its operators should be paid a stated per diem

[1] Reported in 164 N. W. 590.

charge and all reasonable expenses incurred in connection with the work; that the services and expenses were of the agreed value of $1,460.51, and that only $800 had been paid. The evidence received tended to establish that plaintiff operates a detective agency; that such agency investigated the conditions as to the prevalence of certain crimes in the city of Minneapolis in November and December, 1913, and produced evidence or reports to the grand jury of Hennepin county upon which indictments were found; and that during that time all the defendants were members of the grand jury then in charge of their duties as such. When this last fact appeared, plaintiff was not permitted to prove by members of the grand jury, called for cross-examination, what action was taken by that body or what conversations were had between the members thereof relative to authorizing their foreman to contract for the services rendered. This was done on the theory that as to any matter coming before a grand jury the action, vote and opinion of each juror thereon must forever be kept secret. Plaintiff appeals from the order denying a new trial, a verdict having been directed in favor of defendants.

Five defendants are not represented upon this appeal. The record shows service on but one of these five, namely, Allan D. Albert, the foreman of the grand jury, who answered separately. The attorney who served his answer withdrew from the case before the trial began. Appellant makes the point that a verdict should have been instructed against Albert. There is no service of the notice of appeal upon him or upon his attorney, hence the alleged error in directing a verdict in his favor cannot be considered upon this appeal.

Plaintiff asserts that the only legal question presented is: "Do the statutes and common law of this state make privileged and incompetent testimony showing the employment of a party to perform services for the members of a grand jury, either as grand jurymen, or as individuals, where the services to be performed relate to the investigation of public offenses?" We think a fair view of the record will eliminate the individual action of respondents in the alleged employment, and will also confine the question to the right to elicit from members of the grand jury conversations among themselves in reference to matters occurring in the discharge of their official duties. Plaintiff's manager, Mr. Trotter,

took the witness stand.   His testimony clearly indicates that plaintiff has no contract of employment other than one made by Mr. Trotter, acting for plaintiff, and defendant Albert, the foreman of the grand jury. When the first talk between Mr. Trotter and Mr. Albert took place, no one else was present, and the subsequent conversations between them were either at Albert's office or residence or at Trotter's office. No claim is now made that any other grand juror was present at any of these interviews, and no offer of proof was tendered on that point.   The question then narrows down to this, whether it was competent to show by the two grand jurors, called for cross-examination under the statute, that the grand jury had delegated authority to its foreman to act for the members so as to bind each individually for the services sued for.

Respondents advanced the proposition that a contract such as claimed here is against public policy and void.   It is ground for individual challenge against a grand juror that a state of mind exists on his part in reference to a case or to either party which shall satisfy the court, in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantial rights of the party challenging.   Subdivision 7, § 9110, G. S. 1913.   Therefore, it is argued, a grand juror who makes himself personally liable for expenses incurred in ferreting out crime for the purpose of indicting persons guilty thereof cannot be said to be a proper grand juror.   There is much force in the argument.

But we shall not now stop to inquire and determine whether a contract made by a grand juror or grand jury to finance the investigation of crimes through detective agencies is void as against public policy.   It is enough to suggest that for grand jurors to personally finance criminal investigations is so at variance with the evident purpose of their work, under the theory of our criminal procedure and the practice of modern jurisprudence, that no contract so to do should be implied from the fact that reports were received and made use of by the grand jury, or from the fact that its foreman requested the same or any other service from outsiders.   The foreman has no express or implied authority to incur expense for which the jury or the individual members will be liable.   Moreover, the finding of an indictment calls for the judgment of fair minded, unprejudiced men.   It is against the general consensus of opinion that

ordinary men can act fairly and impartially when their purse has been placed on one side of the scale.

This consideration is also against lightly implying a contract from the conduct of the grand jury or its foreman: In investigating crimes the grand jury shall receive no other evidence than such as is given by witnesses produced and sworn before them and legal documentary evidence. They shall receive none but legal evidence to the exclusion of hearsay or secondary evidence (section 9117, G. S. 1913), and to secure that they may require the prosecuting attorney to issue process for the necessary witnesses. The grand jury, therefore, are forbidden to consider hearsay reports from detective agencies concerning crimes in determining whether or not indictments are to be found or presentments made. And if any person is in possession of evidence bearing upon crime he can be made to appear before the grand jury, and, for so doing, he receives the usual witness fees from the county as his only compensation. No inference may be drawn from statutory provisions or from the nature of the work to be performed by a grand jury, that they impliedly become personally responsible for any expense connected with criminal investigation. The small per diem and mileage which the law allows them as compensation precludes the thought that any expenditures connected with their duties may be chargeable to them, in the absence of an express agreement to the contrary. The county is the constituted agency to provide the means for the detection and prosecution of crime.

With these views as to the necessity of proving a specific agreement on the part of respondents in order to bind them personally, let us examine the question presented on this appeal. The testimony of the county attorney and the offer to prove by him that he was averse to spending any part of the small contingent fund at his disposal for the purpose of special investigation of the then existing crime conditions, does not tend to prove that respondents authorized their foreman to bind them personally to pay for plaintiff's services, hence no reversible error can be raised on the court's rulings with reference thereto. The respondent Bros, the clerk of the grand jury, was called for cross-examination under the statute, and asked if he remembered "talks had with the foreman of your grand jury among the members about the securing of evidence on resorts" in Minneapolis. The objection was made that the answer called

for evidence which the statute does not permit to be disclosed. When the court observed that he did not think a member of the grand jury could testify as to what took place before such body, plaintiff's counsel stated: "If the court is going to hold that these defendants are not permitted to tell anything that went on in the grand jury room or among the grand jurors, with relation to hiring or employing these defendants, there is no possibility of proving a case." The court sustained the objection. Then plaintiff offered "to show by witness that the grand jury in session in November, 1913, and as citizens" authorized the employment alleged. An objection to the offer was sustained. This witness also testified that no talk concerning the information through plaintiff's agency took place among the defendants, in his presence, when the grand jury was not in session. Questions calling for the fact whether the witness had ever contributed towards paying plaintiff or whether, subsequent to the rendition of the services, defendants did not make some arrangement by which their fees as grand jurors were agreed to be applied upon plaintiff's claim, were also ruled out. For the reasons above stated, we think part payment or the application of their grand jury fees upon this claim does not tend to prove an original express authority to their foreman to bind each grand jury member to pay for these services.

We think it was not permissible to prove by this witness the conversations among the members of the grand jury, while in session, with reference to investigating crime conditions in Minneapolis or to the mode of procedure in so doing, whether to hire plaintiff or any other person to assist. Section 9123, G. S. 1913, reads: "Every grand juror shall keep secret whatever he himself or any other grand juror said, or in what manner he or any other grand juror voted, on a matter before them." The prescribed grand juror's oath obligates him to keep secret the counsel of the state and of himself and fellows. This seal of secrecy is permanent in respect to what is said by and between members of the grand jury in the performance of their duties. The object of the law is to protect the grand juror so that what he says or does in the presence of his fellows in the discharge of his official duties will never thereafter be used to his detriment. 4 Wigmore, Ev. § 2361; Edwards, Grand Jury, p. 166; Loveland v. Cooley, 59 Minn. 259, 260, 61 N. W. 138; People v. Thompson, 122 Mich. 411, 81 N. W. 344. Of course, this permanent secrecy

does not obtain in respect to the testimony of witnesses examined before a grand jury.

The defendant Charles T. Stremel, a grand juror, was also called for cross-examination under the statute and interrogated in the same manner as Mr. Bros and, in substance, the same offer of proof made, with this exception: The witness was asked whether in the month of November, 1913, he remembered some talk had among the grand jurymen, while they were not in session as a grand jury, about the hiring of this plaintiff agency to investigate vice conditions in Minneapolis, to which an objection that it was incompetent and immaterial was sustained. The fair import of counsel's questions is to call for a conversation had between or in the presence of persons who were all then grand jurors, engaged in the performance of their duties as such. We think conversations of this sort entitled to the same privilege of secrecy, as those taking place at regular sessions of the jury. There is the same reason for the grand juror to keep secret the counsel of his fellows. Our conclusion is that the learned trial court committed no error when he refused to let the grand jurors disclose what was said between them, on occasions when none but grand jurors were present, with reference to authorizing their foreman to hire a detective agency to assist them in their investigation of crime or violations of law.

In what has been said it has been the aim to make clear that we confine the decision to conversations between or among grand jurors which occur when none but grand jurors are present.

Order affirmed.