[S. F. No. 15171. In Bank.—October 8, 1934.]

L. M. ALLEN, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

Louis W. Myers, Allen W. Ashburn, James L. Beebe and Laurence W. Beilenson for Petitioner.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondent.

LANGDON, J.—This is a petition for a writ of mandate to compel respondent, Auditor of the County of Los Angeles, to approve a claim for compensation for services. The board of supervisors of said county appropriated a sum of money for the specific purpose of employment of special investigators by the grand jury. Acting on information given by one of its members, the grand jury employed petitioner at ten dollars a day for one day, to investigate the alleged commission of a certain crime. Petitioner performed the services and presented his claim to the board of supervisors. This body approved it, but respondent auditor did not.

The facts are undisputed, and the only question is one of law, whether the grand jury has the power to employ persons to investigate crime, and make the compensation of the investigators a charge upon the county.

Petitioner contends that the power exists by implication from the character of our grand jury, as provided for in the Constitution. It is argued that since the nature of the grand jury is not specifically defined in the Constitution, it is the body as known to the common law, with the same powers, including the power to institute its own investigations. (See *Hale* v. *Henkel,* 201 U. S. 43 [26 Sup. Ct. 370, 50 L. Ed. 652].) Section 922 of the Penal Code, also relied upon, provides: "If a member of the grand jury knows, or has reason to believe, that a public offense, triable within the county, has been committed, he must declare the same to his fellow-jurors, who must thereupon investigate the same."

From the time of the adoption of our Constitution to the present, the accepted practice has been to leave the detection of crime in the hands of sheriffs and district attorneys, and in our opinion the departure from that practice finds no support in authority or legislative policy. The ferreting out of evidence of crime is a statutory duty expressly imposed upon certain officers, having the equipment and qualified personnel to perform it. This being so, there is no reason to resort to the very vague justification of "inherent" or "implied" powers. The existence of the power in other competent agencies tends to negative an implied power in the grand jury, which is obviously not equipped to exercise it. The grand jury's function of "investigating" crime may be readily distinguished from detection.

This conclusion is reinforced by an examination of the legislative history of the grand jury in this state, in the light of established rules of statutory construction. That examination reveals a practice of defining and delimiting its powers in relation to employment, by express statutory grant. In the Statutes of 1871–72, page 540, is found an express grant of power to the grand jury to employ and compensate interpreters; in 1880, Penal Code section 928 first authorized the employment of auditors; in 1897, section 925 of said code was amended to provide for a stenographic reporter when requested by the district attorney; and in 1927, section 925 was amended to permit the attorney-general, upon request by the grand jury, to employ special counsel and investigators. It seems clear from these instances that the legislature has considered the employment

of persons by the grand jury a matter to be governed by statute. In none of these cases would there have been any necessity for a grant of authority if there existed the implied power which is claimed for the body by petitioner.

There seems to be no case directly in point, but several expressions in the decisions support the views above stated. (*Woody* v. *Peairs*, 35 Cal. App. 553 [170 Pac. 660]; *Burns Int. Detective Agency* v. *Doyle*, 46 Nev. 91 [208 Pac. 427, 26 A. L. R. 600]; see Dession & Cohen, The Inquisitorial Functions of Grand Juries, 41 Yale L. J. 686.)

It follows that petitioner's claim is improper, and that respondent was justified in refusing to approve the same.

The alternative writ is discharged and the peremptory writ denied.

Seawell, J., Curtis, J., Shenk, J., and Spence, J., *pro tem.,* concurred.

WASTE, C. J., Dissenting.—I dissent.

The grand jury is a body of citizens provided for and created by the Constitution (art. I, sec. 8), impaneled and sworn to inquire of public offenses committed or triable within the county. (Code Civ. Proc., sec. 192.) It was imported into California jurisprudence by the Constitution of 1849 (art. I, sec. 8). There is in the section no definition of the term "grand jury". Therefore, it follows that the reference necessarily recognized an existing institution with certain accepted characteristics and prerogatives—in other words, the grand jury known to the common law. At common law, and at the time of the adoption of the Constitution of the United States, the grand jury was a body with power of investigation, independent of the prosecuting officers. (*Hale* v. *Henkel*, 201 U. S. 43 [26 Sup. Ct. 370, 50 L. Ed. 652]; *Blaney* v. *State*, 74 Md. 153 [21 Atl. 547].) The legislature could not take this power away from the constitutionally created body having such common-law prerogatives. In fact, it has bestowed upon it greater inquisitorial power than has ever been bestowed upon it in those states which proceed with it according to the common law. (Pen. Code, secs. 915 et seq., relating to the powers and duties of a grand jury. In this connection, see Edwards on The Grand

Jury, page 44, and the charge of Mr. Justice Field in "Case No. 18,255," 30 Fed. Cas. 992, 2 Sawy. 667.)

As our code sections on the subject of the power of the grand jury are, in some instances, copied from, and in other instances similar to, the provisions in the New York Criminal Code, it may be here noted that the courts of that state adhere to the doctrine of the independence of the grand jury in making investigations other than those instigated by prosecuting officers. (See *People ex rel.* v. *Wyatt*, 186 N. Y. 383 [79 N. E. 330, 9 Ann. Cas. 972, 10 L. R. A. (N. S.) 159], and *People* v. *Davy*, 105 App. Div. 598 [94 N. Y. Supp. 1037].)

The respondent takes the position that it has been the generally accepted practice in this state to leave the duty of detecting crime in the hands of sheriffs and district attorneys, and that because the legislature has from time to time enacted certain express statutes charging those officers with the duty of detecting crime in their counties, such granting of express powers to one set of officials denies the existence of an implied power in others. Such a rule has been applied to cases of employment of special counsel in instances where it was the official duty of district attorneys to perform specified services (*Merriam* v. *Barnum*, 116 Cal. 619, 622 [48 Pac. 727]) ; and to cases where the services of the city attorney were available to a city commission (*Rafael* v. *Boyle*, 31 Cal. App. 623 [161 Pac. 126]). But we have been cited to no case, and I have found none, in which it has been held that such rule applies to a grand jury with the inherent powers vested by the Constitution and with the authority of the scope expressly delegated by the legislature by enactment of section 192 of the Code of Civil Procedure, *supra*, and the pertinent sections of the Penal Code. (On the point of inherent powers vested by the Constitution see *Millholen* v. *Riley*, 211 Cal. 29 [293 Pac. 69] ; and as to implied powers necessary for the due and efficient exercise of the powers expressly granted, see *Lewis* v. *Colgan*, 115 Cal. 529 [47 Pac. 357].)

None of the cases relied on by respondent sustain him on this point. In *Burns, etc.,* v. *Holt,* 138 Minn. 165 [164 N. W. 590], the court held that the grand jurors should not in their private capacities agree to pay detectives for making investigations. In *Burns, etc.,* v. *Doyle,* 46 Nev. 91

[208 Pac. 427, 26 A. L. R. 600], a contract to the same effect was held to be against public policy. *Stone* v. *Bell,* 35 Nev. 240 [129 Pac. 458], seems to definitely imply that in certain cases requiring an investigation the grand jury may employ assistance and order the payment for the amount of the services. The decisions of California courts cited by respondent concern boards created by statute, and officers having no duties except through the means provided by statute, and require no special reference thereto.

Section 4307, subdivision 3, of the Political Code, provides that the "expenses necessarily incurred . . . for . . . services in relation to which no specific compensation is prescribed by law" are county charges. The employment of investigators is a necessary and important step in any criminal investigation or proceeding. Such investigation may be conducted, and usually is, through the district attorney's office. I know of no reason why the grand jury should not have the same power. To hold otherwise would be to seriously impair the efficiency of the inquisitorial body and, in some instances, to destroy its usefulness to the community.

I am of the view that the petitioner is legally entitled to be paid for the services rendered.

Preston, J., concurred.