[Civ. No. 11671. Second Appellate District, Division One.—November 4, 1937.]

CLIFFORD E. CLINTON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

A. Brigham Rose for Petitioner.

THE COURT.—In the petition herein for a writ of mandate, the petitioner alleges, among other things, that he is a member of the grand jury of the Superior Court in and for the County of Los Angeles; that "pursuant to his oath as a Grand Juror as defined in the Penal Code, Section 903, requiring him to diligently inquire into offenses of which he shall have or can obtain legal evidence, regularly moved before the Grand Jury for a time to be fixed for the presentation of evidence in support of certain charges that he had outlined to the said Grand Jury"; that (quoting from the petition), when "it became evident that the case Petitioner and Plaintiff was in the process of presenting involved corruption in high places, and at that point in the presentation already the opening wedge had been driven and inquiry had already commenced into the activities of a deeply entrenched and highly organized politically protected combination dealing in the pollution of our government and the protection of vice and corruption, immediately a concerted effort on the part of certain of the Respondents and Defendants herein was initiated to stifle your Petitioner and Plaintiff's proceeding with his case and choking off all further inquiry into the said matters. In this regard your Petitioner and Plaintiff respectfully submits that no investigation in the sense of an 'investigation' was necessary or requisite. All that your Petitioner and Plaintiff required and requires to proceed with the presentation of his case is the bringing before the Respondent and Defendant body of various witnesses whose names and identity are known to your Petitioner and Plaintiff." In that connection petitioner further alleges that as

a part of the so-called "stifling process", (again quoting from the petition), "the District Attorney, aided and abetted by four deputies, proceeded to insist that the taking of testimony cease and that your Petitioner present a full statement to the Criminal Complaints Committee, so-called, of the Grand Jury of all the matters that he intended to establish by the witnesses and to specifically name all of the witnesses and what the witnesses will testify to in advance".

The petition further sets forth that the grand jury "insisted that the proceedings be tabled and that your Petitioner and Plaintiff be required to disclose to certain of the Respondents and Defendants the names of all the witnesses intended to be brought forth, together with a full statement of what each of said witnesses would testify to, which your Petitioner and Plaintiff respectfully submits is contrary to law and would merely result in practically stifling your Petitioner and Plaintiff's attempted proceeding". And, furthermore, it is alleged that certain members of the grand jury are disqualified and "that their connections to the persons involved in the presentation of your Petitioner and Plaintiff's case is inimical and in derogation of the right of your Petitioner and Plaintiff herein to present his case to the Respondent and Defendant body without informing prejudiced jurors".

In other words, briefly, it appears from the record that petitioner herein, who is a member of the grand jury, had a matter which he wished to submit to the grand jury, which matter is referred to as "his case" and which, it appears, he was determined to present to the grand jury in his own way and as he desired and according to his own opinion and sole judgment. To this demand, it appears from the record either directly or by reasonable inference, the grand jury as such declined to accede, whereupon petitioner herein sought a writ of mandate in the superior court to compel the grand jury to hear "his case". The superior court denied the writ.

Petitioner now seeks a writ of mandate to compel the superior court to issue its order directing the grand jury to hear the testimony and to receive the evidence in the manner in which petitioner herein may choose to present it to such grand jury.

Although the petition consists in the main of conclusions and opinions, it is unnecessary to pass upon its sufficiency, for it is at once obvious that petitioner's efforts to either control or direct the judgment and discretion of the grand jury by writ of mandate is without legal sanction. Petitioner's contentions find no support in the law.

It is apparent from the petition that petitioner is laboring under an erroneous conception of the function, the duty and the authority of the grand jury, the relation each member bears to the whole thereof, as well as the duty and the limitation of authority of its individual members. For example, petitioner alleges, again quoting from the petition, that "Your Petitioner and Plaintiff verily believes that under his oath as a Grand Juror it is his duty to present to the Respondent and Defendant body qualified to hear the same, the evidence that will support the general case . . . That your Petitioner and Plaintiff, as a matter of law, is entitled to the process of this Court to bring witnesses before the Respondent and Defendant body that is qualified to hear the same and that the attempts to stifle the proceedings as hereinbefore alleged are contrary to law and interfere with the *rights* and duties of your Petitioner and Plaintiff herein." (Italics added.) The law with respect to grand juries is to be found in sections 241 to 243, inclusive, of the Code of Civil Procedure, which deal with the impaneling of the grand jury, and sections 894 to 940, inclusive, of the Penal Code, which deal with the duty and corresponding authority of the grand jury. These provisions impose *duties,* as distinguished from rights, upon the grand jury and upon the individuals as members of such grand jury, but do not in a legal sense grant any *rights* either to the grand jury or to an individual member thereof. The grand jury can function only as a body under and according to and within the limitation of its legal authority. A member of a grand jury is without authority to perform any act as a grand juror except the performance of those official duties imposed by law and at a regular and valid session of the grand jury. Beyond that, such member has no official standing, and, in effect, is a legal nonentity. The grand jury can function legally only when in official session with a quorum present and, under the provisions of section 904 of the Penal Code, "shall determine the rule of its proceeding". Obviously, questions presented to a grand

jury are addressed to its judgment and discretion, in connection with which, from the very nature of things, differences of opinion may arise. The law clearly contemplates that such questions shall be decided by the grand jury as an official body and shall not be decided merely by one of its members. The determination by the grand jury of the questions involved in connection with the matter about which petitioner complains, is final.

To the extent that the petition for a writ of mandate in the superior court was denied, such action by said court in denying the same was proper.

For the foregoing reasons, the petition herein is denied.