TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-103 |
| of | : | |
| | : | |
| DANIEL E. LUNGREN | : | OCTOBER 8, 1991 |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

_____
_____


        THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY, COUNTY OF VENTURA, has requested an opinion on the following question:

        May a county grand jury limit the district attorney to a period of ten days each month for the presentation of criminal matters to the grand jury?


CONCLUSION

        A county grand jury may not limit the district attorney to a period of ten days each month for the presentation of criminal matters to the grand jury.


ANALYSIS

        Article I, section 14 of the California Constitution provides in part:  "Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information."  An "indictment" is "an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense."  (Pen. Code, § 889.) [1]

_____

        [1] All section references are to the Penal Code unless otherwise specified.

1.                                              91-103

Unlike the situation with the filing of an information, a preliminary hearing before a magistrate is not required when prosecution proceeds on a grand jury indictment. (Cal. Const., art I, § 14.1; cf. *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336, 341; *Greenberg* v. *Superior Court* (1942) 19 Cal.2d 319, 321; *Hurtado* v. *California* (1884) 110 U.S. 516.)

Indictments are "usually initiated by the district attorney who is authorized by section 935 to present evidence of crime ... to the grand jury." (67 Ops.Cal.Atty.Gen. 58, 61 (1984).) With the passage of Proposition 115 in June 1990, part of which obviated the need for a preliminary hearing following a grand jury indictment as had been mandated by *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 592-593, an increased use of grand jury indictments for initiating prosecutions may be expected, especially in cases where the speed and secrecy of the grand jury process are well suited.

California grand juries perform civil as well as criminal functions. (§ 888.) While a grand jury indicts persons for crimes (§§ 888, 917; cf. § 15) and presents accusations against local officers for willful misconduct in office (Gov. Code, § 3060), it also performs a "watchdog" function of investigating and making reports on specified matters of local government (§§ 888, 914.1, 919, 925-933.6). (See *People* v. *Superior Court (1973 Grand Jury)* (1975) 13 Cal.3d 430, 433, 436; 72 Ops.Cal.Atty.Gen. 128, 129 (1989); 70 Ops.Cal.Atty.Gen. 28, 28 (1987); 67 Ops.Cal.Atty.Gen. 58, *supra*, 59-61.) Needless to say, an increased use of indictments to commence prosecutions may encroach on the time a grand jury has to devote to its civil duties and functions. The question presented for resolution is whether a grand jury may limit the district attorney's presentation of criminal matters before the grand jury to a period of ten days each month. We conclude that it may not.

Although the grand jury is constitutionally founded (Cal. Const., art. I, § 23), and is a "judicial body" and "an instrumentality of the courts of this state" (*People* v. *Superior Court (1973 Grand Jury)*, *supra*, 13 Cal.3d at 438; 70 Ops.Cal.Atty.Gen. 28, *supra*, 28; 25 Ops.Cal.Atty.Gen. 259, 259 (1955)), its attributes and powers are controlled by the Legislature (cf. *People* v. *Superior Court (1973 Grand Jury)*, *supra* at 437; *Fitts* v. *Superior Court* (1936) 6 Cal.2d 230, 241; *Allen* v. *Payne* (1934) 1 Cal.2d 607, 608-609; *Clinton* v. *Superior Court* (1937) 23 Cal.App.2d 342, 345). "Although [its] powers are broad, they are carefully defined and limited by statute, and the grand jury has no inherent ... powers beyond those granted by the Legislature." (*Board of Trustees* v. *Leach* (1968) 258 Cal.App.2d 281, 285; see also *Clinton* v. *Superior Court*, *supra*, 23 Cal.App.2d

at 345.)  We therefore examine the statutes governing the grand jury to see whether it may limit the district attorney's presentations of criminal matters to it.

After a grand jury has been impaneled, sworn, and charged, it retires "to a private room" to "inquire into the offenses and matters of civil concern cognizable by it."  (§ 915.) Section 916 provides:  "Each grand jury shall choose its officers, except the foreman, and shall determine its rules of proceeding." In 59 Ops.Cal.Atty.Gen. 633 (1976) we implied that the authority to "determine its rules of proceeding" would permit a grand jury to determine when it would meet.

It is now suggested that section 916 also permits a grand jury to impose the contemplated limitation on the district attorney's presentation of criminal matters.  In support of the suggestion we are directed to the case of *In re Peart* (1935) 5 Cal.App.2d 469, 473, where the court said:

> "The grand jury is not an adjunct of the ... district attorney but is an independent judicial body, members of which are officers of the court.  Upon them alone is placed the responsibility of inquiring into all public offenses committed or triable within the county and of presenting them to the court.  Inasmuch, therefore, as that responsibility is placed upon the grand jury it appears that the law left with that body the power to institute and initiate such inquiries as well as the management and control thereof.  [¶]  In examining the duties of the district attorney as enumerated in section 4153 of the Political Code [now, Gov. Code, § 26501] we do not find him charged with instituting proceedings before the grand jury, but merely to attend upon and give advice to them upon pending matters."

As for reliance upon the *Peart* decision, we do not find the language persuasive because it has been overtaken by subsequent events.  First, its context was whether the district attorney could issue subpoenas to compel the attendance of witnesses before the grand jury when it did not direct him to do so.  The court held that under former section 1326 [a subpoena may be signed and issued by a district attorney "for such witnesses as the grand jury, upon investigation pending before them, may direct"], a district attorney could not issue grand jury subpoenas unless so directed by the grand jury.  (5 Cal.App.2d at 473-474.)  Section 1326, however, was immediately amended to "overrule" *Peart* and provide a district attorney with such authority.  (Stats. 1937, ch. 215, § 1 [district attorney may issue subpoenas "for those witnesses whose testimony, in his opinion, is material in an investigation before the grand jury...."]; see now, § 939.2.)

Secondly, since the *Peart* decision in 1935, the role of the District Attorney in instituting criminal proceedings has been more forcefully declared by statute. The Legislature has enacted section 26500 of the Government Code, specifically stating that the district attorney, as public prosecutor, "shall initiate ... all prosecutions for public offenses." Under this statute, the duty of the district attorney to prosecute "is mandatory, and not discretionary." (*City of Merced* v. *County of Merced* (1966) 240 Cal.App.2d 763, 766.) Also since *Peart* it has been held that "no one may institute criminal proceedings without the concurrence, approval, or authorization of the district attorney [citations]." (*Hicks* v. *Board of Supervisors* (1977) 69 Cal.App.3d 228, 241.)

In any event, section 916 must be read in conjunction with other statutes dealing with the duties and authority of a grand jury, and those accord the district attorney a special status vis-à-vis that body. (See *Hawkins* v. *Superior Court*, *supra*, 22 Cal.3d at 589-591; 67 Ops.Cal.Atty.Gen. 58, *supra*, 62.)

Grand jury proceedings are generally "secret," and the Legislature has carefully provided who may be present during their sessions. (Cf. § 939.) In so doing it has said that unlike the judge of the court (or county counsel) who may only be present when asked by the grand jury for advice (§ 934, cf. *Michaels* v. *Superior Court* (1960) 184 Cal.App.2d 820, 825),[2] "[t]he district attorney of the county may *at all times* appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by [it], and may interrogate witnesses ... whenever he thinks it necessary." (§ 935, emphasis added.)

A district attorney thus has a right under section 935 to present information to a grand jury "at all times." (Cf. *McFarland* v. *Superior Court* (1948) 88 Cal.App.2d 153, 160.) We believe this statutory language prohibits a grand jury from limiting to 10 days each month the presentation of information relating to criminal offenses. This is confirmed when we examine the purposes for the grand jury and the inherent limitations on its capabilities.

The traditional purpose for the grand jury's existence has been to "inquire into public offenses committed or triable within the county." (§ 888; cf. § 917.) Grand jurors have a duty to make that inquiry, as is expressed in the oath they take. (See

---

[2]Section 934 provides: "The grand jury may, at all times, ask the advice of the court, or the judge thereof, or of the district attorney, or of the county counsel. Unless such advice is asked, the judge of the court, or county counsel as to civil matters, shall not be present during the sessions of the grand jury."

§ 911.)[3]  As was stated in *Samish* v. *Superior Court* (1938) 28 Cal.App.2d 685, 689:

> "[W]hen grand jurors ... are furnished with reliable information indicating that a crime has been committed by someone within the borders of the county, it is [their] duty ... to fearlessly and fairly investigate the charges and indict the culpable party if the evidence warrants that finding.  [Citations.]"

While grand jurors have a duty to investigate criminal matters, they have no authority to hire investigators to do so, but instead must rely on the resources of the district attorney and others.  In *Allen* v. *Payne*, *supra*, 1 Cal.2d at 608, the Supreme Court explained:

> "From the time of the adoption of our Constitution to the present, the accepted practice has been to leave the detection of crime in the hands of sheriffs and district attorneys, and in our opinion the departure from that practice finds no support in authority or legislative policy.  The ferreting out of evidence of crime is a statutory duty expressly imposed upon certain officers, having the equipment and qualified personnel to perform it.  This being so, there is no reason to resort to the very vague justification of `inherent' or `implied' powers.  The existence of the power in other competent agencies tends to negative an implied power in the grand jury which is obviously not equipped to exercise it."

Thus, although a grand jury is a separate entity and independent from the district attorney (cf. *People* v. *Gordon* (1975) 47 Cal.App.3d 465, 476; *Monroe* v. *Garrett* (1971) 17 Cal.App.3d 280, 284), in order to fulfill its duty to diligently "inquire into all public offenses committed or triable within the county and present them to the court by indictment" (§ 917; cf., §§ 888, 911), a grand jury must necessarily use the services and efforts of the district attorney in its investigation of criminal matters.  As we said in 67 Ops.Cal.Atty.Gen. 58, *supra*, 62:

> "A grand jury would be well advised to call upon the district attorney for his assistance and advice in its review of the information it has received ....   The

---

[3]Section 911 provides in part:  "The following oath shall be taken by each member of the grand jury:  `I do solemnly swear (or affirm) that I  ... will diligently inquire into, and true presentment make, of all public offenses against the people of this state, committed or triable within this county, of which the grand jury shall have or can obtain legal evidence.'"

district attorney's assistance will be essential in the conduct of any formal investigation of the matter and if an indictment ... is found it is the district attorney who must prosecute the case in the trial court."  (See also *Hicks* v. *Board of Supervisors*, *supra*, 69 Cal.App.3d at 241.)

While a grand jury may control its schedule in order to accommodate both its civil and criminal functions, its restriction of criminal presentations to a rigid ten days each month would be inconsistent with the foregoing statutory scheme and contemplated working relationship with the district attorney.  We therefore conclude that a county grand jury may not limit the district attorney to a period of ten days each month for the presentation of criminal matters to the grand jury.

* * * * *