BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE NORMAN L. VROMAN, DISTRICT ATTORNEY, COUNTY OF MENDOCINO, has requested an opinion on the following question:
May a grand jury hire an expert for the purpose of investigating a nonprofit corporation established by or operated on behalf of a public entity?
 CONCLUSION
A grand jury may not hire an expert for the purpose of investigating a nonprofit corporation established by or operating on behalf of a public entity.
 ANALYSIS
The general powers and duties of county grand juries (Pen. Code, §§914-945)[1] include the investigation of county, city, and district affairs (see, e.g., §§ 925, 925a, 928,933.1, 933.5). In People v. Superior Court (1973 Grand Jury) (1975) 13 Cal.3d 430, 436-437, the Supreme Court described the civil duties of a grand jury as follows:
 "In California, unlike some other American jurisdictions, the grand jury's role as a vigilant `watchdog' over the operations of a variety of local governmental activities has a long and well respected heritage. As long ago as 1880, the Legislature assigned to the grand jury the responsibility of making `a careful and complete examination of the books, records and accounts of all officers of the county . . . and to report thereon.' (Italics added.) [Citations.] Over the ensuing years, the Legislature has continually expanded the boundaries of the grand jury's investigatory and reportorial domain, authorizing the grand jury to make inquiry into and report on the `needs of all county officers' including the desirability of abolishing or creating county offices and the adequacy of the existing `method or system of performing' county duties [citation], the propriety of the salaries paid to various public officials [citation], the operation of special-purpose assessing or taxing districts located wholly or in part within the county [citation], and, most recently, the state of the fiscal affairs of any incorporated city within the county [citation].
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Although the propriety of grand jury reports on local governmental affairs finds support in a long history, a grand jury's investigatory and reporting power has been bounded. . . .
 "The numerous statutory provisions noted above, which grant the grand jury authority to investigate and report on numerous facets of local government, also limit the grand jury's investigation and reporting authority to the specifically enumerated fields. As the Court of Appeal noted in Board of Trustees v. Leach (1968) 258 Cal.App.2d 281, 285: `Although [the grand jury's] powers are broad, they are carefully defined and limited by statute, and the grand jury has no inherent investigatory powers beyond those granted by the Legislature.' (Cf. Allen v. Payne (1934) 1 Cal.2d 607 [36 P.2d 614].)" (Fns. omitted.)
In McClatchy Newspapers v. Superior Court (1988) 44 Cal.3d 1162,1179, the court again recognized that the Legislature has placed limitations upon the investigatory powers of grand juries:
 "Broad though they are, the grand jury's powers are only those which the Legislature has deemed appropriate. Attempts to exercise powers other than those expressly conferred by statute have been consistently rebuffed. (See, e.g., Allen v. Payne (1934) 1 Cal.2d 607, 608-609 [no power to hire investigator]; Board of Trustees v. Leach (1969) 258 Cal.App.2d 281, 285-289 [no authority to investigate personnel records of school district]; People v. Bartlett (1962) 199 Cal.App.2d 173, 177 [no authority to take judicial notice of public records]; Co. of Fresno v. Roberson, M. Co. (1954) 124 Cal.App.2d Supp. 888, 893-894 [no authority to hire expert]; People v. Brown (1927) 81 Cal.App. 226, 244-249 [no authority to conduct on-scene investigation].)"
The question presented for analysis concerns a grand jury's authority to hire experts to assist in its investigation of a nonprofit corporation established by or operated on behalf of a public entity. Such an investigation is authorized by section 933.6, which states:
 "A grand jury may at any time examine the books and records of any nonprofit corporation established by or operated on behalf of a public entity the books and records of which it is authorized by law to examine, and, in addition to any other investigatory powers granted by this chapter, may investigate and report upon the method or system of performing the duties of such nonprofit corporation."
A separate statute authorizes grand juries to use experts in conducting their investigations. Amended several times, section 926 currently provides:
 "(a) If, in the judgment of the grand jury, the services of one or more experts are necessary for the purposes of Sections 925, 925a, 928, 933.1, and 933.5 or any of them, the grand jury may employ one or more experts, at an agreed compensation, to be first approved by the court. If, in the judgment of the grand jury, the services of assistants to such experts are required, the grand jury may employ such assistants, at a compensation to be agreed upon and approved by the court. Expenditures for the services of experts and assistants for the purposes of Section 933.5 shall not exceed the sum of thirty thousand dollars ($30,000) annually, unless such expenditures shall also be approved by the board of supervisors.
 "(b) When making an examination of the books, records, accounts, and documents maintained and processed by the county assessor, the grand jury, with the consent of the board of supervisors, may employ expert auditors or appraisers to assist in the examination. Auditors and appraisers, while performing pursuant to the directive of the grand jury, shall have access to all records and documents that may be inspected by the grand jury subject to the same limitations on public disclosure as apply to the grand jury.
 "(c) Any contract entered into by a grand jury pursuant to this section may include services to be performed after the discharge of the jury, but in no event may a jury contract for services to be performed later than six months after the end of the fiscal year during which the jury was impaneled.
 "(d) Any contract entered into by a grand jury pursuant to this section shall stipulate that the product of that contract shall be delivered on or before a time certain to the then-current grand jury of that county for such use as that jury finds appropriate to its adopted objectives."
Accordingly, grand juries are expressly authorized to employ one or more experts and any assistants as may be required, at a compensation approved by the court, but only for the purposes of sections 925 [county accounts and records], 925a [municipal matters or needs of joint powers agency with jurisdiction in county], 928 [county officials' offices, equipment and methods], 933.1 [redevelopment agency's books, records and operations], and 933.5 [special purpose assessing or taxing districts]. (§ 926, subd. (a).)
Section 933.6, concerning the books and records of certain nonprofit corporations, is not identified among the statutes for which purposes grand juries may employ experts as authorized in section 926. Notwithstanding this omission, may a grand jury employ experts to assist it in a section 933.6 investigation of a nonprofit corporation? We conclude that a grand jury may not hire experts for such purpose.
The rule is well settled that grand juries have no inherent power to hire experts to assist them in their investigations. (See Allen v. Payne (1934) 1 Cal.2d 607, 608; Board of Trustees v. Leach (1968)258 Cal.App.2d 281, 285.) In Co. of Fresno v. Roberson, M. Co. (1954) 124 Cal.App.2d Supp. 888, which was decided before section 926 was enacted to authorize the hiring of experts, the court determined that without statutory authorization, a grand jury had no power to hire experts to assist in a section 928 investigation of the equipment needs of county officers. The court analyzed the issue as follows:
 "We have examined the statutes of California carefully, and we have not found anything which we consider authority for the employment by the grand jury of an expert to examine and investigate the equipment needs of county officers.
 "In Allen v. Payne, 1 Cal.2d 607, 608, the court in holding that grand juries have no inherent or implied powers to contract services in connection with their investigation held `This conclusion is reinforced by an examination of the legislative history of the grand jury in this state, in the light of established rules of statutory construction. That examination reveals a practice of defining and delimiting its powers in relation to employment, by express statutory grant. . . . It seems clear . . . that the legislature has considered the employment of persons by grand jury a matter to be governed by statute.'
 "A reading of section 928 of the Penal Code as hereinabove set out fails to show any authority whatever for the grand jury to employ experts to examine and investigate `the equipment needs of certain offices of the County of Fresno.'" (Id. at pp. 893-894.)
The Legislature itself has recognized that section 926 alone empowers a grand jury to hire experts to assist it in statutorily authorized investigations. In 1979, section 933.1 was enacted (Stats. 1979, ch. 305, § 1) to give grand juries the authority to investigate the operations of redevelopment agencies. However, it was not until three years later that this statute was added to the provisions specified in section 926, subdivision (a), permitting the employment of experts. (Stats. 1982, ch. 441, § 1.) The need for the 1982 legislation was explained in the report of the Assembly Office of Research as follows:
 "The grand jury has traditionally had the power to employ auditors and other experts to assist in management and fiscal audits of local government agencies. AB 1695 (Nolan) — Chapter 305, Statutes of 1979, gave to the grand jury investigative authority over redevelopment agencies. This bill provides that in performing such function, the grand jury may employ expert assistance." (Assem. Off. of Research, 3d reading analysis of Assem. Bill No. 3674 (1981-1982 Reg. Sess.) Mar. 18, 1982.)
Hence, the Legislature believed that the 1982 legislation was necessary to provide the requisite authority for the hiring of experts to assist grand juries in investigating the books and records of redevelopment agencies. Similarly, section 933.6, authorizing the investigation of certain nonprofit corporations, is not specified in section 926, and thus, the latter statute cannot support the hiring of experts for the investigation of nonprofit corporations. We reject the suggestion that indirect authority for the hiring of experts for 933.6 investigations may be found in section 914.5, which provides:
 "The grand jury shall not spend money or incur obligations in excess of the amount budgeted for its investigative activities pursuant to this chapter by the county board of supervisors unless the proposed expenditure is approved in advance by the presiding judge of the superior court after the board of supervisors has been advised of the request."
If this section were read as giving a grand jury unfettered discretion to make expenditures in support of any of its investigative activities, so long as the expenditures were within the limits of the amounts budgeted for those activities, a grand jury could hire experts to assist in an investigation of a nonprofit corporation. We find no basis, however, for excluding grand jury budgeted expenditures from the restrictions contained in section 926, subdivision (a), as construed by the courts. We are to read sections 914.5 and 926 together and harmonize them, effectuating the purposes of each.[2] There is simply no language in either section 914.5 or section 926 to indicate that budgeted funds are to be considered exempt from the restrictions placed upon the hiring of experts. Giving full effect to these statutory limitations is in no way inconsistent with the purpose of section 914.5, which is to require court approval for any expenditures by a grand jury that are in excess of the amount budgeted for its investigative activities.
We also reject the suggestion that the presiding judge of the superior court may authorize the appointment of an expert to assist a grand jury in the examination of the records of a nonprofit corporation. This issue was resolved in Co. of Fresno v. Roberson, M. Co., supra, 124 Cal.App.2d Supp. 888, where the court examined whether a superior court judge could authorize payment for a grand jury's expert if the grand jury did not have the statutory authority to incur such expense. The judge's order to pay the expert was declared void:
"Whatever power the judge had to make the order in the case before us derives from said section 928. The power of the judge to make the order depended on the power of the grand jury to incur the expenses covered by it." (Id. at p. 894.)
Likewise, here, neither section 926 nor section 933.6
authorizes a grand jury to employ an expert in connection with the examination of the records of a nonprofit corporation. Since the authority of a presiding judge of a superior court to issue an order approving such hiring depends upon the authority of the grand jury to incur the expense in the first place, the presiding judge may not allow the appointment of an expert to assist the grand jury in the examination of the records of a nonprofit corporation.
We conclude that a grand jury may not hire an expert for the purpose or investigating a nonprofit corporation established by or operated on behalf of a public entity.
 * * * * *
[1] All references hereafter to the Penal Code are by section number only.
[2] A well recognized principle of statutory interpretation is that "`[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.)