[Sac. No. 190.   Department Two.—April 29, 1897.]

C. C. MERRIAM, APPELLANT, *v.* H. E. BARNUM, RESPONDENT.

COUNTIES—POWER OF SUPERVISORS TO EMPLOY SPECIAL COUNSEL—LEGAL ADVICE—PROVINCE OF DISTRICT ATTORNEY.—The district attorney is the sole legal adviser of the board of supervisors, and they cannot charge the county with liability for special counsel for mere legal advice on matters pertaining to the reconstruction of the courthouse or other matters involving mere legal advice without contemplation of any suit, their power to employ special counsel being limited to the assistance of the district attorney in the prosecution or defense of suits in which the county may be a party.

ID.—ILLEGAL ALLOWANCE BY ·SUPERVISORS—MANDAMUS TO AUDITOR.— Mandamus will not lie to compel the county auditor to draw a warrant for an illegal allowance by the supervisors of a claim for services rendered at their request by a special legal adviser of the board.

APPEAL from a judgment of the Superior Court of Fresno County.   J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*C. C. Merriam, in pro per.,* Appellant.

It is the plain duty of the auditor to issue the warrant. (*Sehorn* v. *Williams,* 110 Cal. 621; *McFarland* v.

*McCowen*, 98 Cal. 329; *Colusa County* v. *DeJarnett*, 55 Cal. 373.) The board of supervisors has power to employ counsel in any civil matter in which the county is concerned. (*Smith* v. *Mayor*, 13 Cal. 531; *Hornblower* v. *Duden*, 35 Cal. 664; *Scollay* v. *Butte Co.*, 67 Cal. 249; *Lassen Co.* v. *Shinn*, 88 Cal. 510; *Modoc Co.* v. *Spencer*, 103 Cal. 498.)

*Alva E. Snow*, for Respondent.

The board of supervisors is a creation of statute and their powers being purely statutory, their every act must find its warrant in the statute, either expressly or by necessary implication. (*Linden* v. *Case*, 46 Cal. 172; *Foster* v. *Coleman*, 10 Cal. 279; *County of San Joaquin* v. *Jones*, 18 Cal. 327; *Robinson* v. *Supervisors*, 16 Cal. 212; Stat. 1893, secs. 25, 351; *County of Modoc* v. *Spencer*, 103 Cal. 501.) The legislature having designated that the board of supervisors has power to employ assistant counsel in the prosecution and defense of suits to which the county is a party, the power cannot be exercised in any other instance. *Expressio unius est exclusio alterius*. (Stat. 1893, p. 356, subd. 17; *Modoc County* v. *Spencer*, 103 Cal. 501.) It is the duty of the county auditor to refuse to draw warrants on the county treasurer in favor of any person not entitled thereto, or in payment of any claim or demand which is not a valid one against the county. (*Linden* v. *Case*, *supra*; *Foster* v. *Coleman*, *supra*; *Welsh* v. *Bramlet*, 98 Cal. 219; *Robinson* v. *Supervisors*, *supra*; *Modoc Co.* v. *Spencer*, *supra*.)

HENSHAW, J.—The application is for a writ of mandate. A demurrer was interposed to the petition, which was sustained by the court, with leave to plaintiff to amend. Plaintiff declined to amend, and prosecutes this appeal from the judgment of the court entered against him. His petition discloses the following facts: He is an attorney at law, and the defendant Barnum was and is the auditor of the county of Fresno, state of

California.   On the twenty-ninth day of July, 1895, the
courthouse of the county of Fresno was partially de-
stroyed by fire.   On July 31, 1895, the supervisors of
the county of Fresno, at a special session called for
that purpose, unanimously adopted a resolution or order,
of which the following is a copy:

" In the Matter of the Appointment of C. C. Merriam,
   Special Counsel for the Board, etc.

   " Upon motion of Supervisor Letcher, seconded by
Supervisor Garrett, it is ordered that C. C. Merriam be,
and is hereby, employed as special counsel to attend
this board on all matters pertaining to the reconstruc-
tion of the courthouse, insurance matters, etc.

   " It is further ordered that the compensation of said
Merriam be, and the same is hereby, fixed in the sum
of one hundred and twenty-five dollars per month un-
til the further order of the board."

Plaintiff served during the month of August as such
special counsel in settling with insurance companies for
losses sustained by fire, and in matters pertaining to
the reconstruction of the courthouse.   He performed all
the conditions of his contract, and thereafter presented
in due form for allowance his bill for services, which
was allowed by the board of supervisors, and ordered
paid.   Plaintiff demanded of the auditor a warrant on
the treasury for the amount of the bill as allowed, but
the auditor refused to issue or deliver this warrant to
plaintiff.

The sole question in the case may be thus stated:
Had the board of supervisors the power to employ
plaintiff in the manner and for the purposes indicated
by the above-quoted resolution?

The district attorney is the legal adviser of the board
of supervisors, and it is made his duty by law to attend
its meetings, and give all necessary advice. (County
Government Act, sec. 137; Stats. 1893, p. 381; Pol.
Code, sec. 4257.) Boards of supervisors are empowered
(County Government Act, Stats. 1893, sec. 25, subds. 17,

25, pp. 351, 356, 359) under such limitations and restrictions as are prescribed by law, " To direct and control the prosecution and defense of all suits to which the county is a party, and to employ counsel to assist the district attorney in conducting the same. . . . . To do and perform all other acts and things required by law, not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative authority of the county government."

Boards of supervisors are a creation of the statute, and, their powers being statutory, their acts must find warrant in the law, either expressly or by fair implication. (*Linden* v. *Case*, 46 Cal. 172; *County of Modoc* v. *Spencer*, 103 Cal. 501.) It is claimed that the authority of the supervisors in the matter under consideration is conferred by subdivision 35 of section 25 of the County Government Act, last above quoted. (Stats. 1893, p. 359.)

From the statutes above referred to it is clearly the intention of the law that the district attorney, and no one else, shall be and act as the legal adviser of the board, with power to the board, however, to employ additional and special counsel to assist the district attorney in the prosecution or defense of suits to which the county may be a party. In the cases cited and relied upon by appellant, the employment of counsel other than the city or district attorney had special reference to suits either commenced, or which, in the nature of things, would probably be commenced. In *Smith* v. *Mayor*, 13 Cal. 531, the suit was over the employment of Alpheus Felch for contesting, before the supreme court of the United States, under employment by the city, the title of John Sutter to lands within the limits of the city. In *Hornblower* v. *Duden*, 35 Cal. 664, the board of supervisors of El Dorado county had employed James McM. Shafter to defend the interest of the county in a certain railroad matter which involved the prosecution of an action of *quo warranto*, and for his services in this action the fee was claimed. In *Scollay* v. *Butte*

*County,* 67 Cal. 249, it is declared that the cases of *Hornblower* v. *Duden, supra,* and *Smith* v. *Mayor, supra,* authorize the employment of other counsel than the district attorney "to commence and prosecute suits for the county." In *Lassen County* v. *Shinn,* 88 Cal. 510, the firm of Shinn & Masten, attorneys at law, had been employed to collect all moneys due to Lassen county from the state of California, on account of the keeping of indigent persons. The language used in the opinion in this case is somewhat broader than the authorities cited in support of it will justify, for the cases relied upon are *Smith* v. *Mayor, supra,* and *Hornblower* v. *Duden, supra,* in both of which the employment was for the actual conduct of a suit. In *Modoc County* v. *Spencer, supra,* the board of supervisors had undertaken to employ counsel on behalf of the county to assist the district attorney in the prosecution of criminal cases, and the contract was held to be in excess of the powers of the board, and void. In *Kelley* v. *Sersanous* (Cal.), 46 Pac. Rep. 299, the board of supervisors employed the petitioner as an attorney at law to collect certain claims of the county of Glenn, "by action at law or otherwise." Here again the contract contemplated the prosecution of a suit, and the contract may be said to come within the spirit, if not the precise letter, of the law authorizing the employment of special counsel to assist the district attorney in conducting a suit.

In general, therefore, the action of the supervisors in engaging special counsel has been upheld in those cases in which counsel were employed to defend or prosecute a suit, or as in the extreme cases of *Scollay* v. *Butte County, supra,* and *Lassen County* v. *Shinn, supra,* where the contract contemplated the employment of an attorney at law to collect moneys, in the performance of which duty a suit might be necessary, and his knowledge and skill as an attorney at law be required.

The contract under consideration, however, is not of this kind. The nature of the employment is to be measured by the terms of the writing expressed in the

resolution of the board of supervisors. By that contract it appears that appellant was "employed as special counsel to attend this board on all matters pertaining to the reconstruction of the courthouse, insurance matters, etc." Thus Merriam's duty was fully performed when he attended the sessions of the board, and advised it on all matters pertaining to the reconstruction of the court house, and (presumably) the collection of insurance money. There is in this contract no contemplated suit by or against the county, and if there were, it was no part of appellant's duty to prosecute or defend such suit. His duty was completed when he advised the board, and he could be compelled by the board to do nothing more. The contract, then, was merely an attempt on the part of the board of supervisors to pay special counsel by the month for performing a duty which the law imposed upon the district attorney. The time and term of employment were indefinite, and we have the situation presented of the supervisors creating the office of special adviser at a salary of one hundred and twenty-five dollars per month. If this could be done in the face of the law which limits the powers of boards of supervisors to the employment of counsel to prosecute or defend suits, then it might be done for any purpose that would meet the views of a complaisant board, and at the same time that the law commands the district attorney to be present, and to act as general legal adviser of his board, we would have special counsel for such boards under salaries of one hundred and twenty-five dollars a month, advising upon road matters, others advising upon the collection of insurance, others again as special advisers upon matters relative to the levy and assessment of taxes, others employed upon matters touching the validity and legality of claims against the county, and still others upon any of the numberless legal propositions which at one time or another are presented for the consideration of such executive bodies.

However valuable the services of the appellant may have been to the county in this instance, to permit com-

pensation for them would be to override the law, and to destroy one of the strongest safeguards cast about the expenditure of county funds.

The judgment and order appealed from are affirmed.

TEMPLE, J., and McFARLAND, J., concurred.