[Sac. No. 263.   Department One.—March 15, 1898.]

MERCED COUNTY, Respondent, v. W. H. COOK, Auditor, etc., Appellant.

COUNTIES—POWER OF SUPERVISORS—EXCESS OF JURISDICTION—EMPLOYMENT OF SPECIAL COUNSEL—COLLECTION OF LICENSE TAXES—AUTHORITY OF DISTRICT ATTORNEY. — The district attorney of the county is the officer authorized by law to take charge of and conduct litigation for the collection of license taxes; and the board of supervisors, since the year 1883, have no power to employ special counsel other than to assist the district attorney in such litigation; and an order of such board since that date employing a special attorney to recover license taxes, and in effect placing the license affairs of the county under his control and management for an indefinite period of time, for a special retainer and a percentage of all license taxes collected, is in excess of its jurisdiction.

APPEAL from a judgment of the Superior Court of Merced County.   J. K. Law, Judge.

The facts are stated in the opinion of the court.

James F. Peck, Charles H. Marks, George L. Crocker, and Frank H. Farrar, for Appellant.

W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General, and F. G. Ostrander, District Attorney of Merced County, for Respondent.

GAROUTTE, J.—This proceeding is inaugurated against the auditor of Merced county to restrain him from drawing a warrant in favor of Frank H. Farrar, an attorney at law.   The threatened action of the auditor arises upon a claim duly approved by the board of supervisors of Merced county, which claim was presented by said Farrar.   This claim was for the sum of two hundred and fifty dollars agreed to be paid to said Farrar by the board of supervisors as a retainer for services to be rendered.   A material portion of the resolution of employment is as follows: "Now, therefore, it is hereby ordered that Frank H. Farrar, Esq., be and he is hereby employed as an attorney to institute actions for and in the name of Merced county against any and all persons or associations of persons from whom is or becomes due license tax, for the recovery of any license taxes now due, or

which may hereafter become due, to Merced county by virtue of any ordinance of the board of supervisors of said county, and to do all other and proper things to compel payment of the license taxes now due or that may hereafter become due from such persons to Merced county, and to assist each and every county officer charged with the collection of said license taxes, by counsel and advice, and by taking, instituting, and prosecuting in the name of Merced county all necessary and proper legal proceedings to enforce without unnecessary delay the payment of all license taxes now due, or which may hereafter become due, the said county." The trial court issued the restraining order asked for by the plaintiff, and this appeal followed.

Plaintiff bases the merits of its case upon the proposition that the board of supervisors exceeded its power in making the contract here involved, and with this contention we agree. Prior to the year 1883 the source of power of the boards of supervisors of the various counties of the state over matters of county litigation was found in this language of the statute: "To direct and control the prosecution and defense of all suits to which the county is a party." Under this general language it was held by the court in many cases that the powers of the board in the employment of counsel were broad, and its action in such employment reviewable by the courts only in most exceptional cases. (*Hornblower v. Duden,* 35 Cal. 664.) Subsequent to the year 1883 we find an addition to the aforesaid statute in these words: "And to employ counsel to assist the district attorney in conducting the same." It is not necessary in the present litigation to discuss in detail the purpose and effect of this amendment to the statute, but that it has the effect of placing limitations and restrictions upon the power of the boards of supervisors in the employment of counsel, as those powers had been previously outlined by the decisions of this court, there can be no doubt. Few cases involving these matters have arisen since this amendment to the statute. *Lassen County v. Shinn,* 88 Cal. 510, is probably the first, and it has been said in the very recent case of *Merriam v. Barnum,* 116 Cal. 623, that the language used in the opinion of the court in that case is somewhat broader than the previous authorities cited in support of it justified. It might also be suggested that the language used in the opinion

of the court in that case is probably broader than the amendment to the statute heretofore quoted will justify. It appears that this amendment was not called to the attention of the court in the consideration of the *Shinn case, supra,* and hence its force and effect was not there considered. The case was therefore decided upon the statute as it originally stood, and the decisions theretofore rendered by this court. Whether or not the decision would have been different if the attention of the court had been directed to this amendment, it is not now necessary to determine.

There is no doubt that the enactment of this amendment was occasioned by the somewhat common and indiscriminate action indulged in by boards of supervisors of hiring outside attorneys to conduct county litigation. There can be no question but that the district attorney of the county is the officer authorized by law to take charge of and conduct such litigation. He is an officer of the county elected by the people for that purpose, and no board of supervisors has the arbitrary power to displace him in the conduct of its litigation and substitute other attorneys. If such were the law, in many cases the power placed in the board would be abused; and the abuse of that power was the occasion of the amendment to which we have adverted. Giving the statute as it now stands a broad and liberal interpretation, we believe it only places in the board of supervisors power to employ counsel to assist the district attorney in conducting the prosecution and defense of all suits to which the county is a party, and to employ counsel to prosecute and defend all suits to which the county is a party, where the district attorney of the county for good cause is held disqualified from acting as such counsel. In *Lamberson v. Jefferds,* 118 Cal. 363, the action of the board of supervisors in employing counsel was sustained; but in that case the district attorney was indirectly a party in interest to the litigation, and therefore good cause existed for the employment of other counsel. *Merriam v. Barnum, supra,* in principle is similar to the case at bar, and the aforesaid amendment to the statute is there given the force and effect we have here declared. As bearing directly upon the question here under review, we quote from that case: "The time and term of employment were indefinite, and we have the situation presented of the supervisors creating the office of special adviser at a salary of one hundred and

twenty-five dollars per month. If this could be done in the face of the law, which limits the powers of boards of supervisors to the employment of counsel to prosecute or defend suits, then it might be done for any purpose that would meet the views of a complaisant board, and at the same time that the law commands the district attorney to be present, and to act as general legal adviser of the board, we would have special counsel for such boards under salaries of one hundred and twenty-five dollars per month, advising upon road matters, others advising upon collection of insurance, others again as special advisers upon matters relative to the levy and assessment of taxes, others employed upon matters touching the validity and legality of claims against the county, and still others upon any of the numberless legal propositions which at one time or another are presented for the consideration of such executive bodies."

In this case, by the resolution of the board evidencing the contract of employment, the license affairs of the county were in effect placed under the control and management of the attorney, Frank H. Farrar, for an indefinite period of time. As compensation for his services he was given a retainer of two hundred and fifty dollars, and as a fee was allowed a percentage of all moneys paid into the treasury of the county upon the account of license taxes collected. Under his contract of employment it is not only his duty to prosecute or defend all prospective litigation for an indefinite future time in which the county may be a party in interest appertaining to license matters, but it is his duty to counsel and advise county officers in affairs pertaining to those matters. If the board of supervisors could portion out the legal business of the county as appertaining to license matters to outside attorneys, it could likewise apportion to such attorneys all other branches of legal business in which the county was directly interested, and thus relieve and deprive the district attorney of the very labors which are devolved upon him by the law, and which he was elected by the people to perform, and which under his oath of office he is bound to perform. The law as it is framed does not allow such a practice. It was framed for the very purpose of preventing such a practice.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.