# NATIONAL CASH REGISTER CO., APPELLANT, *v.* WALL, RESPONDENT.

(No. 4,124.)

(Submitted April 13, 1920. Decided May 19, 1920.)

[190 Pac. 135.]

*Sales — Contracts — Evidence — Admissibility — Appeal and Error—Briefs—Instructions.*

Contracts—Evidence—Admissibility—Varying Terms of Writing.
    1. *Held,* that evidence explanatory of the circumstances leading up to the making of a written contract of sale of a cash register with reference to a "special" key attachment, as well as of the conversation had between defendant and plaintiff's agent at the time it was made, was admissible, under section 5036, Revised Codes, and not objectionable as tending to vary the writing.

Appeal and Error—Briefs.
    2. Error not discussed in the brief of appellant is not entitled to review on appeal.

Contracts—Provision for Return of Article—When not Duty of Purchaser.
    3. A provision in a contract for the sale of a cash register by which title was retained by the seller and which required buyer to pay expenses of transportation for repairs did not require the buyer to return the register to the seller in case it failed in the purpose for which it was sold.

Instructions—When Refusal Proper.
    4. Tendered instructions inapplicable to the issues, or covered by others given, were properly refused.

*Appeal from District Court, Musselshell County; Charles L. Crum, Judge.*

ACTION by the National Cash Register Company against F. M. Wall. Judgment for defendant, and new trial denied. Plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. C. H. Tyler* and *Mr. John R. Boarman,* of Counsel, for Appellant.

*Mr. Thomas J. Matthews,* for Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought by appellant to recover the possession of a cash register sold to the respondent, damages for withholding its possession, and a balance alleged to be due on a promissory note given in payment therefor. The purchase, the execution of the order for its delivery, and the making of the note in payment therefor are admitted. It is affirmatively alleged that, by reason of the failure of the plaintiff to properly equip the machine with a stamping device and special keys suitable for the stamping of checks, deposit slips and other papers used by defendant in his business—as plaintiff agreed it would do—its attempted use produced such a blurring effect upon the papers upon which it was used as to make the figures difficult to distinguish; that after a fair and persistent trial, and its failure to perform the work for which it was purchased, respondent was obliged to and did discard its further use, tendered it back to the plaintiff, and refused to pay the note given as the purchase price. The defendant's affirmative defense is denied by the plaintiff. Upon the trial the jury awarded defendant a verdict in the sum of $45.33 damages, and judgment was rendered for that amount and costs. Plaintiff has appealed from an order denying its motion for a new trial.

Many of the specifications of error charged against the trial [1] court have to do with the admission and rejection of evidence concerning the alleged defects in the machine forming the subject matter of this controversy. Appellant insists that

the contract sued on was free from ambiguity, and that the evidence interpreting the expression "denomination of keys to be special," was erroneously admitted as tending to vary, rather than to elucidate, the terms of the written instrument in question. We think counsel misconceived respondent's purpose in pressing this inquiry, as well as the theory of the court in permitting it. The only paragraph descriptive of the thing in action is as follows: "Please ship as soon as possible to your order for the undersigned at Roundup, Musselshell county, Montana, one of your 598E registers, case to be 'B' denomination of keys to be 'special.'" The word "special" as used, if it means anything, must mean "special" as distinguished from "general," "unusual" as distinguished from "usual," "extraordinary" as distinguished from "ordinary," as the words are commonly used in business transactions involving the sale and description of an article similar to the one here involved. Indeed, without a description of the stamping apparatus *aliunde* the contract itself, it is difficult to conceive how a jury could understand the meaning of the word "special," unaided by an account of the circumstances and the conversation leading up to the making of the contract and the meeting of the minds of the parties upon the particulars necessary to its consummation. Clearly, an explanation of the circumstances and a repetition of the conversation between the parties at the time of the making of the contract fall within the contemplation of section 5036 of the Revised Codes. If this deduction is correct, no injury was done the plaintiff in the admission of the testimony giving the particulars attending the making of the contract. In no other way could the issues the jury were called upon to settle be made intelligible to them. This disposes of assignment of error No. 28, requesting that an instruction be given admonishing the jury to disregard all oral evidence tending to contradict, change or modify the agreement relating to the terms of the contract. The jury were properly instructed on this branch of the case, and that assignment of error must be overruled.

The refusal of the court to give plaintiff's proposed instruction [2] No. 3 was also free of error. While the refusal of the court to give it is assigned as error, counsel refrained from discussing the question in his brief. We do not, therefore, consider it incumbent upon us to discuss it. However, nowhere in the contract do we find a provision for return [3] of the register to the seller in case it failed in the purpose for which it was sold. Under its provisions title was to remain in the seller until the purchase price was fully paid, the seller agreeing "to pay transportation charges on register to and from your factory or nearest agency capable of making necessary repairs, or traveling expenses of repairman in case undersigned desires repairs made where register is located. Any repairs made without your authority to be at expense of undersigned."

The defects alleged were inherent—not due to ordinary wear and tear, and the conflict in the testimony concerning them and the representations made by the seller were matters necessary and proper for the consideration of the jury. With their determination of them under proper instructions we may not [4] interfere. The tendered instructions the court refused to give were inapplicable to the issues as finally made up, or were covered by instructions given.

We have considered all the other errors assigned and discussed in the briefs of counsel, and find none of them sufficient to overturn the verdict of the jury nor the action of the district court in entering judgment thereon and overruling plaintiff's motion for a new trial.

The order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.