[Civ. No. 20915. Second Dist., Div. Two. June 24, 1955.]

CHARLES S. COBB, Appellant, v. PASADENA CITY BOARD OF EDUCATION, Respondent.

Charles S. Cobb, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Deputy County Counsel, for Respondent.

MOORE, P. J.—The question here presented is whether a board of education is required to advertise for competitive bids before it may contract with an architect for his professional services to prepare plans for the city's school extension program.

By his complaint, appellant sought an injunction to prevent respondent from disbursing public funds as architect's fees for sevices rendered and to be performed in connection with the proposed Pasadena school extension program. A general demurrer was sustained. After· appellant's failure to file a valid pleading following successive attempts, the court entered judgment dismissing the action.

Appellant urges upon this court that his cause is governed by sections 18051 and 18052* of the Education Code which

---

*Section 18051, Education Code:

"The governing board of any school district shall let any contracts involving an expenditure of more than five hundred dollars ($500) for work to be done or for materials or supplies to be furnished, sold, or

require (1) respondent to advertise for bids from architects and (2) to award any contract to the lowest bidder. Because such procedure was not followed, appellant contends that the judgment should be reversed and that respondent should be enjoined from expending any public funds on a void contract.

█ The contention here made has long since been denied judicially and legislatively. It has been held that because an architect is an artist, that his work requires taste, skill and technical learning and ability of a rare kind, it would be bad judgment to advertise and get many bids when the lowest bidder might be also the least capable and most inexperienced and his bid absolutely unacceptable and therefore "the employment of a person who is highly and technically skilled in his science or profession is one which may properly be made without competitive bidding." (*San Francisco* v. *Boyd,* 17 Cal.2d 606, 620 [110 P.2d 1036] ; *Miller* v. *Boyle,* 43 Cal.App. 39, 44 [184 P. 421].) █ Because all contracts for the construction of improvements must be subject to competitive bidding, and because such contracts must conform with the procedure prescribed in sections 18051 and 18052, *supra,* it does not follow that in the employment of an architect to prepare plans for a public building a board must comply with those sections. (*Kennedy* v. *Ross,* 28 Cal.2d 569, 581 [170 P.2d 904].) Where competitive proposals do not produce an advantage, a statute requiring competitive bidding does not apply. (*Ibid.*)

█ But after the above-cited decisions, the Legislature in 1951 added section 53060 to the Government Code as follows:

"The legislative body of any public or municipal corporation or district may contract with and employ any persons for the furnishing to the corporation or district special services and advice in financial, economic, accounting, engineering, legal, or administrative matters if such persons are specially trained and experienced and competent to perform the special services required.

---

leased to the district, to the lowest responsible bidder who shall give such security as the board requires, or else reject all bids. This section applies to all materials and supplies whether patented or otherwise.''

Section 18052, Education Code:

''For the purpose of securing bids the board shall publish at least once a week for two weeks in some newspaper of general circulation published in the district, or if there is not such paper, then in some newspaper of general circulation, circulated in the county, a notice calling for bids, stating the work to be done or materials or supplies to be furnished and the time when and the place where bids will be opened.''

"The legislative body of the corporation or district may pay from any available funds such compensation to such persons as it deems proper for the services rendered."

That statute removes all question of the necessity of advertising for bids for "special services" by a person specially trained and experienced and competent to perform the special sevices required. Now, a board may pay from any available funds a fair compensation to capable and worthy persons for special services.

■ The contention that respondent improperly employed architects who neither reside in Pasadena nor do business there is based on no authority. Neither section 53060 nor any other statute restricts employment by a school district of architects to those who reside in any particular city or district. Such employment, therefore, lies within the discretion of the board, with which courts will not interfere in the absence of fraud or abuse of discretion in the exercise of its legislative powers. (*Ransom* v. *Los Angeles City High Sch. Dist.*, 129 Cal.App.2d 500 [277 P.2d 455]; *Nickerson* v. *San Bernardino County*, 179 Cal. 518, 523 [177 P. 465].)

Affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied July 11, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1955.