[Civ. No. 6547.   Fourth Dist.   June 12, 1961.]

BARBARA JAYNES et al., Appellants, v. JESSE D. STOCKTON, Individually and as Kern County Superintendent of Schools, Respondent.

Hill, Farrer & Burrill for Appellants.

Roy Gargano, County Counsel, and Rex R. Mull, Chief Deputy County Counsel, for Respondent.

Robert M. Wash, County Counsel (Fresno), E. Warren McGuire, County Counsel (Marin), Harold W. Kennedy, County Counsel (Los Angeles), Stephen K. Tamura, County Counsel (Orange), John B. Heinrich, County Counsel (Sacramento), Stanford D. Herlick, County Counsel (San Bernardino), Spencer M. Williams, County Counsel (Santa Clara), William H. Card, County Counsel (Santa Cruz), and Calvin E. Baldwin, County Counsel (Tulare), as Amici Curiae on behalf of Respondent.

COUGHLIN, J.—The issue on appeal in this case is whether a school district is authorized to employ a private attorney to advise its board of trustees respecting a specific school problem when the services of the county counsel are available to them for this purpose.

Appellant Jaynes is the assignee of a claim for legal services furnished appellant Elk Hills School District by a firm of attorneys, pursuant to a contract between them and the district. In executing this contract the parties relied upon the following provisions of Section 53060 of the Government Code:

"The legislative body of any public or municipal corporation or district may contract with and employ any persons for the furnishing to the corporation or district special services and advice in financial, economic, accounting, engineering, legal, or administrative matters if such persons are specially trained and experienced and competent to perform the special services required."

Respondent Stockton is the Superintendent of Schools of Kern County. The school district is located in that county and the trustees thereof requested the superintendent to approve their warrant directing the county auditor to pay the claim in question. The superintendent refused, contending that the trustees should have received their legal advice upon the subject in question from the county counsel, and that their employment of special counsel was unlawful. Thereafter appellants brought this proceeding in mandamus to compel approval of the warrant and effect payment of the claim.

Pursuant to stipulation, the court found that the attorneys

in question entered into a contract with the trustees to act as counsel to assist them in obtaining, for the school district's employees, Federal Old Age Survivors' Insurance coverage on the basis of full supplementation with the State Employees' Retirement System; that these attorneys were trained, experienced and competent to perform the services requested; that the county counsel of Kern County also was trained, experienced and capable of performing such services; and that he was not disqualified and did not refuse to represent the district. The court also found that the legal services rendered by the firm of attorneys were available to the school district from the county counsel, at no cost or expense to the district; that he was willing to perform them; and that they did not constitute special services and advice.

From the foregoing facts the court drew two conclusions of law, viz., that (1) the services rendered were not "special services and advice" within the meaning of section 53060 of the Government Code, and (2) even though they were "special services and advice," the school district was not authorized to employ the firm of attorneys in question to furnish them, because the county counsel was willing, qualified and competent to perform those services.

Judgment denying the writ of mandate followed, from which this appeal has been taken.

The services in question grew out of a desire by the school district to obtain for its employees federal old age benefits on the basis of full supplementation with state benefits under the state plan. An impediment to immediate action lay in a controversy as to whether the district could act as a separate contracting agency with the state system, or whether its employees already were included in a contract made by the superintendent of schools with that system. The law firm in question gave its opinion and recommended a designated plan of action as that most likely to achieve immediate results in accord with the district's desires. This plan required the superintendent to conduct a division and referendum among the employees covered by his contract. Upon receipt of this information, the superintendent asked for an opinion from the county counsel respecting the matter, and was advised that a division and referendum could be undertaken but that it would be on the basis of "full offset" rather than "full supplementation." Subsequently, the superintendent suggested that the district wait to see if legislation would be passed which would permit it to obtain benefits on the basis of full supplementation. There-

after legislation permitting a modified form of full supplementation was adopted.

The appellants claim that the term "special services and advice," as used in the statute authorizing the employment of special counsel, refers to services "which are out of the ordinary or unique and unusual." Although not clearly stated, this contention includes the claim that the services required were out of the ordinary, unique and unusual because of the nature of the subject matter to which they are related. The respondent claims that the term "special services and advice" refers only to "those services which are not otherwise available from or required to be rendered by public officers." This contention, although predicated upon a different premise, coincides with the conclusion of the trial court that the statute in question did not confer upon the school district the authority to employ a private attorney when the services required could be obtained from the county counsel.

The term "special" has been defined by reference to a great variety of synonyms and synonymous phrases among which are those suggested by appellant, i.e., unique, unusual and out of the ordinary (*Steele-Smith Dry Goods Co.* v. *Birmingham Ry., Light & Power Co.,* 15 Ala. App. 271 [73 So. 215, 216]; *National Cash Register Co.* v. *Wall,* 58 Mont. 60 [190 P. 135]; *Placek* v. *Edstrom,* 151 Neb. 225 [37 N.W.2d 203, 207]; *State ex rel. Charlton* v. *French,* 44 N.M. 169 [99 P.2d 715, 720]); also included are "extraordinary" (*Placek* v. *Edstrom, supra,* 151 Neb. 225 [37 N.W.2d 203, 207]; *Hardecker* v. *Board of Education of City of New York,* 180 Misc. 1008 [44 N.Y.S.2d 855, 859]), "extraordinary and not general" (*National Cash Register Co.* v. *Wall, supra,* 58 Mont. 60 [190 P. 135]); "noting something more than ordinary" (*Prows* v. *Hawley,* 72 Utah 444 [271 P. 31, 35]); "not regular" (*Zulich* v. *Bowman,* 42 Pa. 83, 88); "additional to the regular" (*Hardecker* v. *Board of Education of City of New York, supra,* 180 Misc. 1008 [44 N.Y.S.2d 855, 859]), as distinguished from ordinary, usual or typical (*Placek* v. *Edstrom, supra,* 151 Neb. 225 [37 N.W.2d 203, 207]); and in addition is "frequently used as opposed to 'general,' and in legal phrases is most frequently employed as denoting something particular or limited, in contradistinction to general or permanent" (81 C.J.S. 398).

Regardless of which one or more of the foregoing definitions may be accepted, to determine whether services are special requires a common standard with which to make a comparison. As applicable to the statute in question, this standard is

the result of a composite consideration of various factors; at once apparent are those which relate the nature of the services required to the subject matter thereof (*Cobb* v. *Pasadena City Board of Education,* 134 Cal.App.2d 93, 95 [285 P.2d 41]), to the qualifications of the person capable of furnishing them (*Kennedy* v. *Ross,* 28 Cal.2d 569, 574 [170 P.2d 904]), to their availability from public sources, and to the temporary basis of the employment through which they are obtained. (*Handler* v. *Board of Supervisors,* 39 Cal.2d 282, 286 [246 P.2d 671].) The statute provides for the payment of *special services* in legal matters, and not for the payment of services in *special legal matters.* The subject of the services, therefore, does not exclusively nor necessarily characterize the type of services for which the school district may contract. The legal problem involved may be unusual and complex but lawyers generally may be qualified to render the services required, and in this event the service would be out of the ordinary only to those who were not lawyers. The latter type of services expressly are excepted from the statutory definition by the provisions which limit employment to those persons who are "specially trained and experienced and competent to perform the special services required." On the other hand, the services desired may be special services as far as the school district is concerned because they are in addition to those usually, ordinarily and regularly obtainable through public sources, even though they are the usual, ordinary and regular services rendered by a person in the particular field of endeavor of which the desired services are a part. The architectural services required by a district may be regarded by an architect as ordinary and usual architectural services but, nevertheless, they are the services of a person possessing a particular skill and are unusual and out of the ordinary to the district if not available to it through official channels. In another category, the services of a particular individual may be special in that, because of his outstanding skill, they may not be duplicated. (*Kennedy* v. *Ross, supra,* 28 Cal.2d 569, 574.)

The district attorney of every county, or the county counsel in those counties having such an officer (Gov. Code, §§ 26529, 27642), providing his office is subject to the general law (*Board of Supervisors* v. *Simpson,* 36 Cal.2d 671, 673 [227 P.2d 14]), is required to give his opinion in writing to school district officers on matters relating to the duties of their offices (Gov. Code, § 26520); to advise them in relation to school bond issues and prepare all legal papers and forms

necessary for the voting of such bonds (Gov. Code, § 26522); and to defend all suits for damages against them (Gov. Code, § 26529; Ed. Code, § 1043), as well as those against the district. (Ed. Code, § 906; *Dettamanti* v. *Lompoc Union School Dist.*, 143 Cal.App.2d 715, 722 [300 P.2d 78].)

The law as stated required the county counsel of Kern County to advise the trustees of the Elk Hills School District with respect to the matter about which they sought advice from a private law firm. It was stipulated, and the court found, that this law firm and the county counsel were equally trained, experienced and competent to perform the services in question. Under these circumstances those services were available to the school district from the county counsel and no reason appears why they should not have been used.

A review of the factors incident to a consideration of the common standard essential to a comparison in order to determine whether particular services are special services within the meaning of the subject statute, and the applicability of those factors to the case under review readily supports the conclusion that the question involved is one of fact. (See *Gray* v. *Brinkerhoff*, 41 Cal.2d 180, 183 [258 P.2d 834]; *Bowman* v. *Collins*, 181 Cal.App.2d 807, 810 [5 Cal.Rptr. 776], *re* rules governing determination whether issue is one of law or of fact.) The trial court found that the services rendered by the law firm in question were not special services. Measured by the time-honored rule on appeal, this finding is adequately supported by substantial evidence. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 248 [288 P.2d 868]; *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [261 P.2d 12]; *Church of Merciful Saviour* v. *Volunteers of America*, 184 Cal.App.2d 851, 856 [8 Cal.Rptr. 48].)

The appellants contend that the board of trustees is vested with discretion to determine *when* special services are needed; impliedly suggest that this discretion attached to its determination that the services in question *were* special services; and, relying on the general rule that in the absence of an abuse of discretion courts will not interfere with the decision of an administrative agency made in the exercise of its administrative powers (*Cobb* v. *Pasadena City Board of Education, supra*, 134 Cal.App.2d 93, 96), contend that the determination in question is not subject to judicial review. This contention fails to consider the distinction between the exercise of discretion and the existence of authority to exer-

cise that discretion. Whether special services were necessary, when they should be obtained, and who should be employed to furnish them were matters subject to the board's discretion providing the facts were such that they had authority to exercise that discretion; one of these facts involved the nature of the services required; unless those services were special services, the power to act under the statute did not exist; and any preliminary determination by the board with respect thereto is subject to judicial review. The board is not the final arbiter of its authority to act; this is a judicial function involving the application of law to facts; the court determines the facts in accord with established rules; and its determination in this case, being adequately supported by the evidence, is conclusive on appeal.

Furthermore, we concur in the conclusion of the trial court that section 53060 of the Government Code did not authorize the school district to pay for services which the county counsel was required to perform without charge.

In many cases, the courts of this state have expressly stated or impliedly recognized the rule that a public agency created by statute may not contract and pay for services which the law requires a designated public official to perform without charge, unless the authority to do so clearly appears from the powers expressly conferred upon it (*Merriam* v. *Barnum*, 116 Cal. 619, 622-625 [48 P. 727] ; *County of Merced* v. *Cook*, 120 Cal. 275, 277 [52 P. 721]; *Skidmore* v. *West*, 186 Cal. 212, 215 [199 P. 497] ; *Skidmore* v. *County of Amador*, 7 Cal.2d 37, 39 [59 P.2d 818] ;*Wieczorek* v. *Rainey*, 9 Cal.2d 121, 131 [69 P.2d 418] ; *City & County of San Francisco* v. *Boyd*, 17 Cal.2d 606, 616-618 [110 P.2d 1036] ; *Kennedy* v. *Ross, supra*, 28 Cal.2d 569, 573-574; *Rafael* v. *Boyle*, 31 Cal.App. 623, 626 [161 P. 126] ; *Denman* v. *Webster*, 139 Cal. 452, 456 [73 P. 139] ), or unless the services required are unavailable for reasons beyond the agency's control, such as inability, refusal or disqualification of the public official to act. (*Ward* v. *San Diego School Dist.*, 203 Cal. 712, 718-720 [265 P. 821] ; *County of Merced* v. *Cook, supra*, 120 Cal. 275, 277 ; *Austin* v. *Upjohn*, 130 Cal.App. 733 [20 P.2d 735].) This rule is based on sound principles. The law will not indulge an implication that a public agency has authority to spend public funds which it does not need to spend; that it has authority to pay for services which it may obtain without payment; or that it may duplicate an expenditure for services which the taxpayers already have provided. (*County of*

*Merced* v. *Cook, supra,* 120 Cal. 275, 277; *Merriam* v. *Barnum, supra,* 116 Cal. 619, 624; cf. *Denman* v. *Webster, supra,* 139 Cal. 452, 456.) Furthermore, the Legislature has imposed certain duties upon designated public officials; it requires the district attorney and the county counsel to advise the officers of school districts with respect to the duties of their offices and to prepare all legal papers and forms necessary for the voting of school bonds; many potentially complex and technical problems are thus specifically delegated; and a statute which grants a school district the authority to employ services from a private source should not be interpreted as abrogating the responsibility and authority vested in designated public officials unless the language thereof clearly dictates such a conclusion. (See *County of Merced* v. *Cook, supra,* 120 Cal. 275, 278.) The fact that section 53060 relates to "special services," as distinguished from services generally, does not extend or limit the application of its provisions with respect to the services obtainable from a public source. Whether services available from a public official are special or general has no relation to the reasons why a public agency should not duplicate public services. If the general power to employ any qualified person for special services in legal or other matters, be interpreted to include services already available from public sources as well as those which are not so available, at most the limitation on that power to the employment of "special services" merely confines the area of conflict; no difference in principle is involved; each school district would be authorized to employ as many experts on legal matters as there are special matters to be considered; in some controversial matters each school district in the county might be acting under conflicting opinions; all the while the duly qualified and designated advisor for these districts would be required either to disregard the duties imposed upon him, agree with the special advisor, or assume a hostile position; and the ensuing overall state of affairs, mildly described, would be chaotically unsatisfactory. (*Cf. Merriam* v. *Barnum, supra,* 116 Cal. 619, 624.)

Section 53060 of the Government Code was enacted in 1951. In the following year the attorney general of the State of California officially expressed an opinion that this code section applied only to special services not required to be performed by a public official (19 Ops. Cal. Atty. Gen. 153; 20 Ops. Atty. Gen. 21), and the county counsel representing respondent as well as the county counsels of 12 other

counties who joined with him herein as amici curiae, claim that this opinion generally has been followed by the school districts, county counsels and district attorneys throughout the state since that time. ▆▆ The contemporaneous construction of a statute by those charged with its enforcement and interpretation, although not necessarily controlling, "is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized." (*Cola-Cola Co.* v. *State Board of Equalization*, 25 Cal.2d 918, 921 [156 P.2d 1]; *Richfield Oil Corp.* v. *Crawford*, 39 Cal.2d 729, 736 [249 P.2d 600]; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 643 [122 P.2d 526].) ▆▆ As a contemporaneous construction, and because he was charged with the duty of rendering an opinion with respect to its meaning, the attorney general's interpretation of the subject statute is entitled to great respect. (*Carter* v. *Commission on Qualifications of Judicial Appointments*, 14 Cal.2d 179, 185 [93 P.2d 140]; *People* v. *Shearer*, 30 Cal. 645, 652; *Smith* v. *Municipal Court*, 167 Cal.App.2d 534, 539 [334 P.2d 931]; *People* v. *Berry*, 147 Cal.App.2d 33, 37 [304 P.2d 818]; *Hutchins* v. *County Clerk*, 140 Cal.App. 348, 349 [35 P.2d 563].) ▆▆ The courts will not presume "that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication" (*County of Los Angeles* v. *Frisbie, supra,* 19 Cal.2d 634, 644; *Follette* v. *Pacific L. & P. Corp.*, 189 Cal. 193, 208 [208 P. 295, 23 A.L.R. 965]); instead it will be presumed that the Legislature took such principles for granted rather than sought to alter them in omitting any specific provision for their application (*Garvey* v. *Byram*, 18 Cal.2d 279, 281 [115 P.2d 501, 136 A.L.R. 1137]); and where uncertainty exists consideration may be given to the consequences that will flow from a particular interpretation. (*Estate of Ryan*, 21 Cal.2d 498, 513 [133 P.2d 626].)

The statute under consideration expressly confers upon school districts the power to contract for special services; does not specify that the special services for which such a contract may be made include those available from a public source as well as those not so available; was enacted after the courts of this state had declared that a public agency did not have authority under its general powers to pay for services required to be performed by a public official without charge;

and, if applicable to services available from public sources, would overthrow the foregoing rule of long standing.

█ Applying the principles of statutory construction heretofore noted, and giving due consideration to the rule of contemporaneous construction, we conclude that Government Code, section 53060, does not empower a school district to contract for special services obtainable from and which the law requires to be performed by a designated public official; that the services for which the appellant school district has drawn its warrant were services obtainable from and required to be performed by the county counsel of Kern County; and that the conclusion of the trial court that the school district had no authority to contract for these services was proper.

The appellants contend that this conclusion is contrary to the decisions in *Handler* v. *Board of Supervisors, supra,* 39 Cal.2d 282; *Cobb* v. *Pasadena City Board of Education, supra,* 134 Cal.App.2d 93, and *Estate of Schnell,* 82 Cal.App. 2d 170 [185 P.2d 854]. Although the services referred to in these cases were considered to be special services the controversy before the court did not concern their character; nor did it concern their current availability through public sources. █ An opinion is viewed in the light of the controversy presented, and the decision expressed therein is not authority for propositions not considered. (*McDowell & Craig* v. *City of Santa Fe Springs,* 54 Cal.2d 33, 38 [4 Cal. Rptr. 176, 351 P.2d 344]; *Porter* v. *Bakersfield & Kern Elec. Ry. Co.,* 36 Cal.2d 582, 590 [225 P.2d 223].) The decisions in the cited cases are not in conflict with our conclusions in the case at bar.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 9, 1961.