THE HONORABLE, THE SENATE
By Senate Resolution 50, you have requested my opinion "as to under what conditions a city school board may be legally empowered to employ legal counsel without prior consent of the common council."
Your resolution further states that you have, under consideration, legislation which would authorize a joint city district to hire legal counsel or to use the services of the city attorney and reimburse the city for such services.
Section 120.41, Stats., provides, among other things, that ". . . Every city operating a school system under this subchapter is a single and separate school district, but the school system does not constitute a separate legal entity. . . ."
Since a city school district (whether a joint city school district or not) is not a separate legal entity, it or its school board would not have power to employ an attorney to represent it unless specifically authorized by statute.
Section 120.49, Stats., lists eleven powers and duties of the school board of a city school district. The power to hire legal counsel is not among those delegated to the city school board. Under the usual rules of statutory construction, such an *Page 130 
enumeration generally restricts the delegation of authority to those powers specifically enumerated, or which may reasonably be implied to carry out the enumeration of statutory powers.
This does not mean that the city itself might not employ special counsel, or otherwise make specific arrangements for legal service to the city school district. In Jaynes v. Stockton
(1961), 193 Cal. App. 2d 47, 14 Cal. Rptr. 49, the court held that a public agency, such as a school district created by statute, may not contract and pay for legal services which the law requires a designated public official to perform, unless the authority to do so clearly appears from the powers expressly conferred, or unless the services are unavailable for reasons beyond the agency's control, such as inability, refusal or disqualification of the public official to act.
And, in Kay v. Board of Higher Education (1940), 260 App. Div. 9,20 N.Y.S. 2d 898, the court held that the authority of the New York City Corporation Council to conduct all of the law business of the city of New York and its agencies was exclusive, subject to fraud, collusion or corruption on the part of the Corporation Council, or the existence of a conflict of interest. In such exceptions, the court held that city officers or agencies may retain private counsel. However, under the facts of the above case, the board was not entitled to hire private counsel to appeal an order setting aside the appointment of Bertrand Russell as a professor of philosophy in the college of the city of New York.
Therefore, it is my opinion that, under existing law in Wisconsin, a city school board, whether or not joint, may hire separate counsel only upon the terms and conditions as set forth in the above-cited cases.
It is my further opinion that legislation may authorize a joint city district to hire legal counsel as proposed by Senate Bill 270. However, counsel employed by the school district pursuant to such legislation must be constantly aware of the fact that the city school district is not a legal entity separate from the city, and that this fact may well raise problems in the manner in which he renders services. For example, a policy respecting litigation would, in most instances, not be under the control of the school board since the city would be the party in any legal action. *Page 131 
RWW:JWC