[Civ. No. 67798. Second Dist., Div. Four. Nov. 2, 1983.]

CITY OF LOMITA et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

Burke, Williams & Sorensen, Leland C. Dolley and Douglas G. Carroll for Plaintiffs and Appellants.

De Witt W. Clinton, County Counsel, Donald K. Bryne, Chief Deputy County Counsel, Daniel D. Mikesell, Jr., and Rafael A. Ongkeko, Deputy County Counsel, for Defendant and Respondent.

**KINGSLEY, Acting P. J.**—Plaintiff cities appeal from an adverse judgment in an action to compel the County to pay for emergency ambulance service rendered to indigent residents of those cities.[1] The trial court held that no such duty existed; we reverse.

The two cities here involved,[2] and other cities in Los Angeles County (County), have contracts with the County whereby the County provides emergency ambulance service[3] to residents of the contracting cities and recovers from the cities the cost to the County of providing such service to indigent residents of the contracting cities. ■ We hold that the County is statutorily liable to provide such emergency ambulance service to all

---

[1]The complaint seeks a declaratory judgment, damages and other relief. Our reversal leaves to the trial court the nature of relief to be granted.

[2]Although not framed as a class action, the decision in the case at bench, necessarily will have that effect.

[3]Under the contract herein involved, the County contracts with private ambulance companies to provide the actual service. As we point out below, that is immaterial to the economic issue we are called on to decide.

indigent residents[4] of the County, regardless of their residence and that, for that reason, the payment provisions of the contracts herein involved are void for lack of consideration.

It is now established that it is the statutory duty of a County to provide hospital and medical services to all indigent County residents. (*County of San Diego* v. *Viloria* (1969) 276 Cal.App.2d 350, 352-353 [80 Cal.Rptr. 869]; and cases there cited.) When an emergency occurs, anywhere in the county, which requires hospitalization, it necessarily follows that the duty to provide medical care includes the duty to provide emergency transportation from the place where the indigent is to the hospital where he can receive care. The cost of providing that service is, by statute, a proper county charge. (Gov. Code, § 29606; Health & Saf. Code, § 1444.)

The County takes refuge in certain other statutory provisions, which we do not regard as material to the sale issue in the case at bench.

(1) Section 54981 of the Government Code includes the provision of ambulance service among permissible "municipal services" and authorizes contracts between public agencies for the performance of "municipal services." We can see in that statute no more than it says: A city may lawfully provide ambulance services; a county may do likewise. Where two agencies are likely to provide the same services, they may contract that only one will perform the service. But that does not mean that the performing agency must contract to act free, nor does it mean that the performing agency must be paid for doing something it is already legally required to do. The power of both cities and counties (and other local agencies) to provide a service in the first instance, and the power to enter into interagency contracts, does not affect the economic impact of either choice.

(2) The County refers us to a series of statutes which do no more than repeat what case law has declared, namely that a county may purchase ambulances (Health & Saf. Code, § 1444); the supervisors may authorize the sheriff, or a county fire department, to perform ambulance service (Gov. Code, §§ 25369.5, 26612). All that we can glean from the body of statutes relating to ambulance services is that a County, obligated to provide emergency ambulance service to indigents, is free to select, for itself, the particular mode of compliance: it may operate its own services with its own ambulances; it may assign day-to-day operation to a sheriff, to a fire district, or setup some other department; or in lieu of providing ambulance service

---

[4]Because of the emergent nature of ambulance service, in fact, service may, on occasion, be rendered to a nonresident. How far the cost of such service is ultimately met is not herein involved and we express no opinion on that problem.

by its own employees, it may hire a city or other local agency or a private company to provide the service. In any case, however, the cost of such services, no matter how or by whom provided, is a charge on the County to be met out of County funds.[5]

The judgment is reversed.

Amerian, J., and Lucas, J.,* concurred.

A petition for a rehearing was denied November 22, 1983, and respondent's petition for a hearing by the Supreme Court was denied January 4, 1984.

---

[5]We recognize the impact of our decision on already limited county budgets. But that is a matter for other parts of government to resolve; we can only decree as the statutes and binding authorities demand.

*Assigned by the Chairperson of the Judicial Council.