[No. B020914. Second Dist., Div. Four. Oct. 16, 1986.]

CITY OF LOMITA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
COUNTY OF LOS ANGELES, Real Party in Interest.

480

COUNSEL

Burke, Williams & Sorensen, Leland C. Dolley, J. Robert Flandrick and Virginia R. Pesola for Petitioners.

No appearance for Respondent.

De Witt Clinton, County Counsel, Daniel D. Mikesell, Jr., and Rafael A. Ongkeko, Deputy County Counsel, for Real Party in Interest.

Gerald J. Geerlings, County Counsel (Riverside), William C. Katzenstein and Joyce Manulis Reikes, Deputy County Counsel, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**KINGSLEY, Acting P. J.**—In November 1983 this court rendered an opinion regarding the duty of the county to provide emergency ambulance service for its residents. We are advised in the present litigation that some substantial misunderstanding has arisen between the administration of Los Angeles County and various cities in said county with reference to the extent and nature of the duties so required. ■ That original case (*City of Lomita* v. *County of Los Angeles* (1983) 148 Cal.App.3d 671 [196 Cal.Rptr. 221]) was concurred in by three justices of this court. Petition for rehearing was denied and the petition to the Supreme Court of California for a review of that decision was denied. We have no inclination, nor do we have the power, to upset that decision which is now the law of California. However, because of the problems disclosed by the record now before us in the present action, we shall proceed to set out in clearer detail what we thought was clear from our original opinion.

■ *First,* it is the duty of the County of Los Angeles to provide emergency ambulance service for all "residents" of the county in need of medical care. As used in the cases and applicable statutes discussed in our earlier opinion, the word "resident" is used broadly to include not only permanent county residents but any person found in the county in need of emergency ambulance care. ■ The county's duty to such persons may be fulfilled in any one of four different ways or by any combination of such services.

(1) The county may create a separate county department to provide emergency ambulance service, equipping such department with the necessary vehicles and other equipment, as well as personnel in such department and pay the expenses of operating such department as it staffs and operates other county departments.

(2) It may assign the duty of providing emergency ambulance service to residents of the county to such existing county department as it may choose and provide that department with the necessary equipment and trained personnel.

(3) It may contract with the cities or local agencies located within the county to provide necessary emergency ambulance service to the residents of the county found within such city or cities; or,

(4) It may contract with private ambulance companies.

■ *Second,* our previous decision requires the county to bear the costs of this service for whatever method the Board of Supervisors of Los Angeles County may select. That decision and the authorities relied on therein require the county to provide immediate emergency service to all those found in the county who need it, since, in the nature of things, emergency ambulance service cannot be delayed to inquire into the financial status of the person for whom transportation is to be furnished. However, since the duties outlined in our former decision apply only to "indigent" "residents" of the county, many people requiring immediate ambulance service will, on investigation, prove not to have been indigent. In such cases, the county may[1] seek (by such means as it finds desirable) reimbursement from (or on behalf of) the nonindigent person transported in emergencies. If such reimbursement cannot be secured amicably, the county may proceed to litigation in such court as has subject matter and personal jurisdiction.

Therefore, let writs of mandate issue:

(1) To the County of Los Angeles as real party in interest requiring it to comply with this opinion, construing its terms liberally; and

(2) Directing respondent court to issue such orders as it may deem necessary directing the real party in interest to see that it carries out the duties hereinabove outlined.

The costs in this court shall be paid by the county for the benefit of the various complaining cities in such amount and proportion as the trial court may direct.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied November 14, 1986, and the petition of real party in interest for review by the Supreme Court was denied December 30, 1986.

---

[1]We have used the word "may" because we recognize that in some cases litigation would be uneconomical or otherwise unnecessary and we do not intend to require the county, under the discretion of its governing authority, to undertake additional and nonprofitable expense.