BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE LOUIS B. GREEN, COUNTY COUNSEL, COUNTY OF EL DORADO, has requested an opinion on the following question:
May a general law city enter into a contract with a private security company authorizing the company's employees to issue citations for Vehicle Code parking violations?
 CONCLUSION
A general law city may not enter into a contract with a private security company authorizing the company's employees to issue citations for Vehicle Code parking violations.
 ANALYSIS
A general law city is considering whether to contract with a private security company[1] to have the company's employees patrol the city's parking lots during the summer months. The contract would specify that the company's employees would use the ticket books of the city's police department to issue citations for Vehicle Code parking violations. The city's own employees have previously been issuing the citations, and it is hoped that contracting with the company will be less costly and allow better use of the city's resources. We conclude that the city may not contract with the security company for the performance of these particular services.
Vehicle code section 40202[2] governs the issuance of a citation[3] for a parking violation:
 "(a) If a vehicle is unattended during the time of the violation, the peace officer or person authorized to enforce parking laws and regulations shall securely attach to the vehicle a notice of parking violation setting forth the violation, including reference to the section of this code or of the Public Resources Code, the local ordinance, or the federal statute or regulation so violated; the date; the approximate time thereof; the location where the violation occurred; a statement printed on the notice indicating that the date of payment is required to be made not later than 21 calendar days from the date of citation issuance; and the procedure for the registered owner, lessee, or rentee to deposit the parking penalty or, pursuant to Section 40215, contest the citation. . . .
 "(b) The notice of parking violation shall be served by attaching it to the vehicle either under the windshield wiper or in another conspicuous place upon the vehicle so as to be easily observed by the person in charge of the vehicle upon the return of that person.
 "(c) Once the issuing officer has prepared the notice of parking violation and has attached it to the vehicle as provided in subdivisions (a) and (b), the officer shall file the notice with the processing agency. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Subdivision (a) of section 40202 indicates that parking citations may be issued by "the peace officer or person authorized to enforce parking laws and regulations," who is described as the "issuing officer" (§ 40202, subd. (c)). In 63 Ops.Cal.Atty.Gen. 719 (1980), we determined that a city need not use its peace officers but may authorize its other employees to issue citations for parking violations. Our 1980 opinion, however, did not consider whether a city may contract to use a private company's employees to enforce its parking regulations.
The Legislature has expressly authorized cities to contract with private companies to process parking citations. Subdivision (a) of section40200.5 states in part: "[A]n issuing agency may elect to contract with the county, with a private vendor . . ., for the processing of notices of parking violations and notices of delinquent parking violations... (See Lockheed Information Management Services Co. v. City of Inglewood (1998) 17 Cal.4th 170, 173, 185.) Processing, however, takes place after issuance of the citation (id at pp. 193, 197-198), and no specific authority has been given to cities to have the employees of private companies issue parking citations. Is express statutory authority required?
General law cities have the authority to contract with private parties as expressly granted by the Constitution or by the Legislature or as necessarily implied from such expressly granted powers. (See Service Employees Internat. Union v. Board of Trustees (1996) 47 Cal.App.4th 1661,1665-1666; City of Lomita v. Superior Court (1986) 186 Cal.App.3d 479,481-482; City of Lomita v. County of Los Angeles (1983) 148 Cal.App.3d 671,673-674; Carruth v. City of Madera (1965) 233 Cal.App.2d 688, 695; 68 Ops.Cal.Atty.Gen. 175, 178-179 (1985); 10 McQuillin, Municipal Corporations (3d ed. 1990) § 29.05, p. 263.) While no specific authority allows a city to use the employees of a private company to enforce its parking regulations,[4] the Legislature has authorized cities to contract for "special services" under the terms of Government Code section 37103:
 "The legislative body may contract with any specially trained and experienced person, firm, or corporation for special services and advice in financial, economic, accounting, engineering, legal, or administrative matters.
 "It may pay such compensation to these experts as it deems proper."[5]
Another general grant of authority to cities to contract for "special services" is contained in Government Code section 53060:
 "The legislative body of any public or municipal corporation or district may contract with and employ any persons for the furnishing to the corporation or district special services and advice in financial, economic, accounting, engineering, legal, or administrative matters if such persons are specially trained and experienced and competent to perform the special services required.
 "The authority herein given to contract shall include the right of the legislative body of the corporation or district to contract for the issuance and preparation of payroll checks.
 "The legislative body of the corporation or district may pay from any available funds such compensation to such persons as it deems proper for the services rendered."
We believe issuing parking citations cannot reasonably be considered the furnishing of "special services" for purposes of Government Code sections 37103 or 53060. The test for determining whether services are "special services" depends on "the nature of the services; the necessary qualifications required of a person furnishing the services; and the availability of the service from public sources." (California Sch. Employees Assn. v. Sunnyvale Elementary Sch. Dist. (1973) 36 Cal.App.3d 46, 60; see Service Employees Internat. Union v. Board of Trustees, supra, 47 Cal.App.4th at p. 1673; Darley v. Ward (1982) 136 Cal.App.3d 614, 627; Jaynes v. Stockton (1961)193 Cal.App.2d 47, 51-52.) Services may be special because of the outstanding skill or expertise of the person furnishing them. (Kennedy v. Ross (1946) 28 Cal.2d 569, 574.)
We see nothing "special" in issuing parking citations. These services are dissimilar from those judicially recognized as special services, such as hospital management (Darley v. Ward, supra, 136 Cal.App.3d 614), research and development (California Sch. Employees Assn. v. Sunnyvale Elementary Sch. Dist., supra, 36 Cal.App.3d 46), criminal law prosecution (Montgomery v. Superior Court (1975) 46 Cal.App.3d 657), and bookstore management (Service Employees Internat. Union v. Board of Trustees, supra, 47 Cal.App.4th 1661). The employees of the city in question have been issuing parking citations and may continue to do so without "experts" having to undertake these services that are commonly performed as a municipal function.
No other constitutional or statutory provision requires examination to determine whether a city has an express grant of authority to contract with a private company to obtain parking regulation enforcement. Moreover, issuing parking citations cannot reasonably be considered as the type of service that by implication may be contracted out to a private party. Rather, it is for the Legislature to determine whether a city should be allowed to use private employees to issue parking citations, just as it has considered (and granted) the authority of a city to contract for parking citation processing services.
We conclude that a general law city may not enter into a contract with a private security company authorizing the company's employees to issue citations for Vehicle Code parking violations.
[1] The security company is licensed as a private patrol operator by the Department of Consumer Affairs. (Bus. Prof. Code, §§7583-7583.45.)
[2] All references hereafter to the Vehicle Code are by section number only.
[3] For purposes of this opinion, "citation" means a notice of parking violation. (§ 41601.)
[4] The Legislature has authorized the use of members of a "special enforcement unit" to issue citations primarily for disabled parking violations, but such members are directly employed by the local agency. (§ 22507.9)
[5] Government Code section 31000 grants similar authority to counties.