[Civ. No. 9736. First Appellate District, Division One.—May 28, 1935.]

FRANK P. LANSING, Appellant, v. THE BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Frank B. Lorigan for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

BURROUGHS, J., *pro tem.*—This is an appeal from a judgment made and entered upon an order of the court sustaining a demurrer to a petition for a writ of mandate. Among other things, it is alleged in the petition that there are now in the employ of the city and county of San Francisco,

as members of or employees of the school department or as employees of the Board of Education or employees of the school district, 111 persons (giving their names and addresses) who reside outside of the limits of the city and county, in violation of section 7 of its charter, as amended in 1932 and ratified by the California legislature in 1933. The petition asks that the respondents be compelled to take the necessary steps and dismiss from the school service said employees, it being the contention of the petitioner that by virtue of said section 7 all employees of the city and county must reside within the territorial limits thereof. It is claimed by respondents that said section does not apply to school teachers or other certificated employees of the San Francisco elementary school district or of the San Francisco high school district, for the reason that such persons are not mentioned in said section. So much of section 7 as we deem necessary to a decision of the question presented reads as follows: ''No person shall be a candidate for any elective office, nor shall be appointed as a member of any board or commission or as an officer of the City and County unless he shall have been a resident of the City and County for a period of at least five years and an elector thereof for at least one year immediately prior to the time of his taking office, unless otherwise specifically provided in this Charter. All employees of the City and County shall be citizens and shall have been residents thereof for at least one year prior to the appointment, unless otherwise specifically provided in this Charter, and members of the fire and police departments shall be citizens and shall have been residents of the City and County for at least five years next preceding appointment, and every elected officer, member of any board or commission and employee, including members of the fire and police departments, shall continue to be a resident of the City and County during incumbency of office or employment, and upon ceasing to be such resident, shall be removed from such office or employment; . . . '' It will be observed from the above quoted section that ''all employees of the City and County'' are included, also members of the fire and police departments are referred to by the name of their official organization, but there is no reference to employees of the school departments unless they are embraced within the term ''employees of the City and County'' of San Francisco. ▮ Whether they are

included is the sole question now before the court. The school system of the state is a matter of general concern, as distinguished from a "municipal affair" as that term is considered in connection with chartered cities and is governed by its board of education or board of trustees, and said boards have power to employ teachers and such other persons as may be necessary to carry into effect its powers and duties. (*Esberg* v. *Badaracco,* 202 Cal. 110 [259 Pac. 730]; *People* v. *Mertz,* 2 Cal. (2d) 136 [39 Pac. (2d) 422].) While as a matter of tenure and compensation, which are matters that may be regulated by the charter of a city, members of the Board of Education have been treated as municipal officers, yet such members, after induction into office, become officers of a political subdivision of the state, separate and distinct from the municipality within whose boundary the school district is located. (*Mitchell* v. *Hartman,* 112 Cal. App. 370 [297 Pac. 77].) The territory embraced within the limits of the city and county of San Francisco comprises two separate school districts, to wit: the San Francisco Elementary School District and San Francisco High School District. (*Gould* v. *Santa Ana High School District,* 131 Cal. App. 345 [21 Pac. (2d) 623]; *Brown* v. *City of Visalia,* 141 Cal. 372 [74 Pac. 1042]; *Ward* v. *San Diego School District,* 203 Cal. 712 [265 Pac. 821].)

Sections 134 to 139, both inclusive, of the charter of the city and county of San Francisco, contain the provisions which concern the two San Francisco school districts. There is no provision among them dealing with residential requirements, and, further, in view of the fact that section 7 of the charter makes no mention of the employees of the school department and that the school districts are separate entities from the city and county of San Francisco, and under the direct control of its Board of Education which has full power of employment of its teachers and other employees, we are of the opinion that such teachers and employees are not included within the requirements, as to residence, laid down for the employees of the city and county of San Francisco contained in section 7 of its charter.

The judgment of the trial court is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.