[Civ. No. 11645. Third Dist. Jan. 25, 1968.]

BOARD OF TRUSTEES OF CALAVERAS UNIFIED SCHOOL DISTRICT, Petitioner, v. RUSSELL W. LEACH, as Sheriff, etc., Respondent; CHARLES H. EVANS, SR., et al., Real Parties in Interest.

George A. Huberty, County Counsel, for Petitioner.

Irving G. Breyer as Amicus Curiae on behalf of Petitioner.

Orrin K. Airola, District Attorney, for Respondent.

Joseph W. Kiley for Real Parties in Interest.

JANES, J. pro tem.*—Petitioner, Board of Trustees of Calaveras Unified School District, seeks a writ of mandate to compel respondent Russell W. Leach, Sheriff of Calaveras County, to return certain personnel records of the Calaveras Unified School District. The real parties in interest, Calaveras County Grand Jury and Charles H. Evans, Sr., its foreman, have filed their return and answer to the petition, and a motion to quash the alternative writ.

### FACTS

At its regular meeting in March 1967, petitioner Board of Trustees of Calaveras Unified School District reassigned James Tarbat from the position of principal of the Calaveras High School to vice principal thereof, and Richard Butler from the position of vice principal to a teaching position therein.

Thereafter the Calaveras County Grand Jury subpoenaed the superintendent of said district to appear at a session of the grand jury with the personnel records of Tarbat and Butler. The superintendent appeared at the grand jury meeting, but without the records, the board of trustees having taken the position and advised their superintendent that the records were not in his custody or control but in that of the board.

On May 5, 1967, upon the written petition of the foreman of the grand jury, the judge of the Calaveras County Superior Court ordered the sheriff of said county to remove the personnel records of Tarbat and Butler from the custody of petitioner board and to deliver them to the foreman of the grand jury.

Said order reads as follows: "On reading and filing the petition of CHARLES H. EVANS, SR., Foreman, Calaveras County Grand Jury, setting forth under penalty of perjury that the Calaveras Unified School District Board having custody and

---

*Assigned by the Chairman of the Judicial Council.

control of the personnel records of James Tarbat and Richard Butler refused and still refuses to permit the Calaveras County Grand Jury to routinely examine the said records,

"It Is Ordered that the sheriff of Calaveras County be and he is hereby commanded to remove the personnel records of James Tarbat and Richard Butler from the custody of the Calaveras Unified School District Board and to deliver said records to Charles H. Evans, Sr., as foreman of the Calaveras County Grand Jury."

There was not pending before the grand jury the investigation of any crime or of the wilful or corrupt misconduct in office of any public officer at the time of the grand jury's application and the making of said order by the court.

On May 8, 1967, the sheriff seized said personnel records, sealed them and declared that he would deliver them to the grand jury at its meeting to be held on May 9, 1967.

On May 9, 1967, the petition for a writ of mandate was filed herein, and this court issued an alternative writ of mandate staying the execution of the superior court order and directing the sheriff to return the personnel files to the board until final determination of the petition.

## Contentions

Petitioner contends that the grand jury is not entitled to said personnel records when no public offense or misconduct in office of a school official is being investigated.

The grand jury answers that it has the right "to routinely examine the personnel records in question" by virtue of section 933.5 of the Penal Code,[1] and that mandate is not an appropriate remedy for petitioner in the circumstances here shown.

Section 933.5 provides: "A grand jury may at any time examine the books and records of any special purpose assessing or taxing district located wholly or partly in the county."

The question to be decided by this court is whether or not, on the facts, the grand jury is entitled to inspect the personnel records of a school district when there is not pending before the grand jury the investigation of any public offense or of the wilful or corrupt misconduct in office of any public officer.

---

[1] All references to code sections are to the Penal Code unless otherwise indicated.

POWERS AND DUTIES OF THE GRAND JURY

The grand jury is "an instrumentality of the courts of this state." (*In re Shuler*, 210 Cal. 377, 405 [292 P. 481].) Although its powers are broad, they are carefully defined and limited by statute, and the grand jury has no inherent investigatory powers beyond those granted by the Legislature. (*Allen* v. *Payne*, 1 Cal.2d 607 [36 P.2d 614].)

The grand jury may inquire into all public offenses committed or triable within the county (§ 917) and into the wilful or corrupt misconduct in office of public officers of every description within the county (§ 919). These sections are of no aid to the grand jury in its present proceeding, however, as it is admitted that the grand jury is not investigating any public offense or any misconduct upon the part of the officers of the school district.

The grand jury is entitled to examine, without charge, all public records within the county. (§ 921.) This section was enacted to avoid the rule in some jurisdictions that the authority to investigate crimes or misconduct by public officers did not also permit the grand jury to examine public records. (*Charge to Grand Jury* (C.C.D. Cal. 1872) 30 Fed. Cas. 992, 994 (No. 18,255).)

The remaining statutory authorization under which it may be contended that the grand jury may investigate the conduct of school district officers which is neither criminal nor corrupt is section 933.5, above quoted, and it is that provision upon which the grand jury purported to act and upon which it relies. ██ ██ Basing its argument thereon, it is the position of the grand jury that its power of examination therein defined extends beyond mere examination into the records of assessment, taxation and the finances of the school district to include inspection of the subject personnel records.[2]

There are several reasons why the grand jury's position cannot be supported.

It appears from an analysis of the legislative history of section 933.5 and related code sections that section 933.5 was enacted merly to aid the grand jury in the exercise of its already existing powers to inquire into public offenses and

---

[2]The assessed property within a school district is subject to a special tax for the maintenance of the schools in the area. (Const., art. IX, § 6; Educ. Code, § 20705; see *Hall* v. *City of Taft*, 47 Cal.2d 177, 180 [302 P.2d 574].) Thus, school districts are included within section 933.5 as it relates to any "special purpose assessing or taxing district."

official misconduct. Section 933.5 was added to revised title 4 of part 2 of the Penal Code in 1961 by a statute which also added section 26910 to the chapter of the Government Code defining the duties of the county auditor. (Stats. 1961, ch. 1461, p. 3313.) Section 26910 of the Government Code provides: "The auditor may at any reasonable time and place examine the books and records of any special purpose assessing or taxing district located wholly in the county."

Enactment of section 933.5 and of section 26910 of the Government Code followed closely upon the completion of a study of special district problems in California by the Assembly Interim Committee on Municipal and County Government, and it is clear from the report of that study (Assembly Interim Committee Report, No. 15 (1959-1961) pp. 26-34, *Special District Problems in the State of California*, Final Report of the Assembly Interim Committee on Municipal and County Government) that the Legislature was concerned with the widespread lack of knowledge concerning the existence and operations of many single purpose special districts, and of their place and impact in municipal and county tax structures. The legislation which followed may reasonably be construed as an effort by the Legislature to broaden the field of public knowledge and information in relation to such districts. The legislative intent may not be reasonably construed, however, to broaden the scope of grand jury investigations into matters which the grand jury is not otherwise authorized to investigate.[3]

 That section 933.5 is not broad enough to include an investigation of the evaluation of principals and other certificated employees (teachers) of a school district absent cause by the grand jury to believe that these officials are guilty of any criminal activities or other misconduct in office is demonstrated also by the fact that as to *county* officers, where criminal activities or other misconduct are not involved, the Legislature has specifically set forth the grand jury's investigative powers. Thus, section 925 empowers the grand jury to examine the accounts and records of all county officers; sec-

_____

[3]The Attorney General, in an excellent opinion on the subject, also points out that section 933.5 does not permit the grand jury to investigate a school district unless the object of the investigation is authorized by sections 917 and 919, and that the grand jury is therefore without authority to investigate the evaluation of certificated employees and principals within a school district if the grand jury has no cause to believe that school district officials are guilty of a crime or of misconduct in office. (46 Ops. Cal. Atty. Gen. 144-145.)

tion 929 extends this examination to county officers acting ex officio as officers of certain other districts; section 927 authorizes the grand jury to investigate and report upon the needs for increase or decrease in the salaries of county supervisors, the district attorney and the auditor; section 928 provides that every grand jury shall investigate and report upon the needs of all county officers, including the abolition or creation of offices and the equipment for, and the method or system of performing the duties of the county offices. The application of sections 925-929 is limited to *county* officials.

Since school district officials are not county officers, sections 925-929 do not apply to them. "School districts are agencies of the state for the local operation of the state school system." (*Hall* v. *City of Taft, supra*, 47 Cal.2d at p. 181.) "The school district is a state agency and its board members are state officers." (*People* v. *Darby*, 114 Cal.App.2d 412, 423 [250 P.2d 743].) This is true even though for some limited purposes the school district officers have been treated as municipal officers, such as their election, tenure and removal from office. Thus, in *Lansing* v. *Board of Education*, 7 Cal.App.2d 211, 213 [45 P.2d 1021], the court said:

". . . While as a matter of tenure and compensation, which are matters that may be regulated by the charter of a city, members of the Board of Education have been treated as municipal officers, yet such members, after induction into office, become officers of a political subdivision of the state, separate and distinct from the municipality within whose boundary the school district is located."

It is our conclusion, therefore, that section 933.5, as to the school district, limits the grand jury's investigation (other than into public offenses and misconduct) to the financial affairs of the district which affect the assessing and taxing powers of the district. Although the statute appears to authorize a routine examination of a school district's books and records, in aid of an investigation properly within the authority of the grand jury, such authority does not extend, in the circumstances of this case, to an evaluation of the personnel of the district. Section 933.5 was intended to aid the grand jury in the exercise of already existing powers of investigation rather than to grant new and independent investigatory powers.

Reason supports this interpretation of the legislative

intent; it is only logical that the grand jury does not have the power to examine the personnel records of the school district. It has no jurisdiction over the hiring, firing, promotion or demotion of any of the district personnel. For what purpose, then, except to satisfy the curiosity of the jury members, could the grand jury wish to examine the personnel records? But the investigatory power of the grand jury cannot be used out of curiosity or for a blanket inquiry to bring to light supposed grievances or wrongs for the purpose of criticizing a public officer or department. (See *Petition of McNair*, 324 Pa. 48 [187 A. 498, 106 A.L.R. 1373].)

Further, the personnel records of the district are maintained as confidential files; it is common knowledge that such matters are among the most confidential and sensitive records kept by a private or public employer, and their use remains effective only so long as the confidence of the records, and the confidences of those who contribute to those records, are maintained. ■ It does not matter that here the employees themselves sought disclosure of the records;[4] the records are the property of and are in the custody and control of the district, not of the employees. (See *Chronicle Publishing Co.* v. *Superior Court*, 54 Cal.2d 548, 569-570 [7 Cal.Rptr. 109, 354 P.2d 637].)

The function of operating the public schools of the state has been vested by the Legislature in local school boards. (*Hall* v. *City of Taft*, *supra*, 47 Cal.2d at pp. 181-182.) ■ A grand jury investigation into the evaluation of certificated employees, as a matter of routine and not in connection with bona fide inquiries into public offenses or official misconduct, would constitute an unauthorized and unwarranted interference with the affairs of such a board, as well as a breach of the confidence under which those files are established and maintained. No salutary public purpose would be served by such practice, which could disrupt and seriously impair the ability of the board to select and retain competent teachers and administrators.

■ Applicable here is the language of Harold W. Kennedy and James W. Briggs in *Historical and Legal Aspects of the California Grand Jury System* (43 Cal.L.Rev. 251, 267): ''The California grand jury is endowed with broad powers as an inquisitorial and judicial body but it is enjoined to exer-

---

[4] It appeared at the oral argument in this court that Tarbat and Butler had requested the grand jury to examine the personnel records.

cise those powers with mature discretion. It is not to engage in 'fishing expeditions,' that is, initiate investigations not specifically enjoined upon it without probable cause, nor is it to attempt to act as a supervising administrative agency controlling the discretionary activities of public officers." (See also *Samish* v. *Superior Court*, 28 Cal.App.2d 685, 688 [83 P.2d 305].)

As the grand jury is not entitled to the records ordered to be seized, the superior court judge was without jurisdiction to make the order directing the sheriff to seize them; the order is void.

There is posed the additional question whether mandate will lie in the circumstances shown by the record.

Section 1085, Code of Civil Procedure, in pertinent part, provides that the writ "may be issued . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station. . . ." ■ As said in *Inglin* v. *Hoppin* (1909) 156 Cal. 483, 488 [105 P. 582] : "[M]andate is a flexible writ, whose use in modern times has been much extended. 'It does not lie to control judicial discretion, except when that discretion has been abused, but it is a remedy when the case is . . . outside of the jurisdiction of the court or officer to which or to whom the writ is addressed.' "

Here, as the result of a void order, the sheriff, by virtue of his official position, seized the records belonging to petitioner, and by reason of that order and of his position he claimed the right to deliver the records to the grand jury. When we issued the alternative writ of mandate, we directed the sheriff to return those records to petitioner, pending disposition of the matter by this court, and the sheriff complied with our order.

Because of a lack of right to those records, or of any authority upon the part of the sheriff to deliver them to the grand jury, the law requires that we confirm our earlier order directing their return to petitioner. Petitioner is the only one who has a right to the records and has no specific remedy in the ordinary course of law as the sheriff was acting pursuant to an order of the superior court. Mandate is therefore proper.

The motion to quash the alternative writ is denied. Let a peremptory writ of mandate issue directing the Superior Court of Calaveras County to vacate its order dated May 5, 1967, which commanded the Sheriff of Calaveras County to remove the personnel records of James Tarbat and Richard

Butler from the custody of the Calaveras Unified School District Board and deliver them to Charles H. Evans, Sr., foreman of the Calaveras County Grand Jury.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied February 23, 1968, and the petition of the real parties in interest for a hearing by the Supreme Court was denied March 20, 1968.